NEWARK PAVING COMPANY v. HATTIE KLOTZ, ADMIN-
ISTRATRIX.

Submitted December 4, 1913—Decided February 24, 1914.

1. Where a workman is injured by an accident arising out of and
   in the course of his employment, and a tort-feasor other than
   his employer is responsible therefor, the right to compensation
   under the act of 1911 is not lost by settlement with and a re-
   lease of the tort-feasor.
2. The right to compensation under the Workmen's Compensation
   act of 1911, as originally enacted, and the right to recover dam-
   ages of a tort-feasor are of so different a character that the
   employer has no right by way of subrogation to the claim of the
   workman against the tort-feasor.    The amendment of 1913 is
   not merely declaratory of the legislative intent under the act
   of 1911.
3. Dependent stepchildren who have been supported by a deceased
   workman are included within the word "children" in the act
   of 1911.

On *certiorari* to Essex Pleas.

The following statement of facts is taken from prosecutor's
brief: "Klotz was one of a gang of men employed by the
respondent to wheel stone and cement to a concrete mixer at
work on Elizabeth avenue on the repavement of that street.
He went to his work at seven o'clock in the morning, but when
he arrived there, it was found that owing to the pipes of the
concrete mixer having been frozen, no work could be done
until this had been repaired.    The men, therefore, could do
nothing whatever, and about seven-forty, and at least an hour
before the mixer was fixed so as to permit the resumption of
work, Mr. Klotz was struck by a car of the Public Service
Corporation and killed."    To this must be added the im-
portant fact that at the time he was struck, Klotz was fixing
up his wheelbarrow.

Prior to the trial in this case, the petitioner received $800
from the Public Service Corporation, and released by a re-
lease under seal, that corporation from liability.

Before Justices SWAYZE and BERGEN.

For the prosecutor, *McCarter & English.*

For the defendant, *John V. Laddey.*

The opinion of the court was delivered by

SWAYZE, J.　We think the evidence justified a finding that Klotz's death was due to an accident arising out of and in the course of his employment.　The case is within the rule of *Bryant* v. *Fissell,* 55 *Vroom* 72.

The question of the effect of the release of the street railway company is more troublesome.　The defendant appeals to the rule established in *Weber* v. *Morris and Essex Railroad Co.,* 6 *Vroom* 409; 7 *Id.* 213, and in *Monmouth County Fire Insurance Co.* v. *Hutchinson et al.,* 6 *C. E. Gr.* 107.　It is true that the present defendant is not an insurer, but we are not prepared to say that that fact alone takes the case out of the reason of the rule as stated in the cases referred to, and by Chief Justice Shaw in the case on which they relied.　*Hart* v. *Western Railroad Corporation,* 13 *Metc.* 99.　We think, however, that the present case is not governed by that rule, for the reason that to so hold would conflict with the intention of the act of 1911, under which this suit is brought.　That act was meant to insure compensation to workmen not generally but by way of weekly payments in lieu of wages.　It therefore partakes to some extent of the nature of a pension, and we have held that there must be specific findings of fact to warrant an order commuting the payments into a lump sum.　*New York Shipbuilding Co.* v. *Buchanan,* 55 *Vroom* 543.　This object of the act is especially emphasized by the amendment of 1913 (*Pamph. L., p.* 309), which declares that it is the intention that the compensation payments are in lieu of wages and are to be received by the employe or his dependents in the same manner in which wages are ordinarily paid; that commutation is a departure from the normal method of payment to be allowed only under unusual circumstances and not for the purpose of enabling the injured

employe or the dependents of a deceased employe to satisfy a debt or to make payment to physicians, lawyers or other persons. Although this enactment is later than the accident for which this suit is brought, it is an express legislative declaration of the intent of the act, an intent which might have been properly inferred from the provisions of the original act. If the statutory compensations were subject to deductions by reason of payments made by a third person—the tort-feasor—to the person injured or to his dependents, in satisfaction of the liability for the tort, this object of the statute would be thwarted, and in effect the commutation to a lump sum would take place without any order of the court and at the will of the injured party or his representatives. If, on the other hand, the employer were allowed to recover of the tort-feasor by action in the name of the employe or his representative, he would be able to recover in advance of payments by him and at a time when the extent of his own liability could not be ascertained. These considerations suffice to show that the right to compensation under the statute, and the right to recover damages of the tort-feasor, are of so different a character that the rule of law appealed to by the prosecutor is inapplicable. The release, therefore, of the claim against the street railway could not be a bar to the right to compensation under the statute. It is true this conclusion makes it possible for the employe to secure under the act of 1911 double compensation. This was probably not the intent of the legislature, though, as we think, the result of the language of the statute. The difficulty seems to be obviated by the amendment of 1913. *Pamph. L., pp.* 312, 313. It is argued that the amendment amounts to a legislative declaration of the asserted right of subrogation under the original act. The answer is twofold—*first,* it does not purport to be a declaration of the meaning of the act of 1911, but an amendment of that act; *second,* the employer is only released when the employe recovers of the tort-feasor a sum equivalent to or greater than the total compensation payments for which the employer is liable, and the employer is only entitled to receive of the

tort-feasor a sum equivalent to the amount of compensation payments which the employer has *theretofore* paid to the injured employe or his dependents. Neither provision is applicable to the present case.

It is urged that the court erred in allowing compensation, as in case of four children, when two of the four were only stepchildren. The evidence shows that the deceased supported the stepchildren and bought their clothes and shoes. We think this fact justified the judge in allowing for them as actual dependents. *Mulhearn* v. *McDavitt,* 16 *Gray* 404. The amendment of 1913 (*Pamph. L., p.* 305) removes all doubt on this point for cases arising since its passage, and we find nothing in the language of the act of 1911 to prevent us from adopting the same construction. The important words are "actual dependents." The word "children" may well be held to include dependent stepchildren.

The judgment is affirmed, with costs.