Juan Antonio Machado, demandante y apelado, *v.* The American Railroad Co. of Porto Rico, demandada y apelante.

No. 6963.—*Sometido:* Marzo 18, 1936. *Resuelto:* Abril 28, 1936.

M. *Acosta Velarde,* abogado de la apelante; *García Méndez & García Méndez,* abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

La Comisión Industrial de Puerto Rico concedió a Juan Antonio Machado la cantidad de $1,350 por la pérdida de una pierna mientras se encontraba trabajando en su calidad de obrero. Posteriormente el obrero lesionado inició una acción de daños y perjuicios en contra de la American Railroad Co. of P. R. solicitando indemnización por los daños sufridos en el mismo accidente. Admitió la compañía ferroviaria mediante estipulación que el accidente que produjo la pérdida de la pierna del demandante se debió sola y exclusivamente a su culpa, descuido y negligencia. Admitió el demandante haber recibido $1,350 en concepto de indemnización por dicho accidente de acuerdo con la ley de indemnizaciones a obreros de 1928. En virtud de la referida estipulación las partes convinieron en someter a la corte las siguientes cuestiones de derecho:

A. ¿Tiene el demandante Juan Antonio Machado derecho a demandar a The American Railroad Co. of P. R. y recibir

indemnización de acuerdo con la ley de indemnizaciones por accidentes del trabajo?

B. En el caso de que la corte resolviese que el demandante tiene derecho a demandar a la compañía ferroviaria y recibir una indemnización de ésta, ¿a qué cantidad tiene derecho el demandante, considerando los hechos estipulados?

La Corte de Distrito de Aguadilla contestó la primera pregunta en la afirmativa y resolviendo la segunda concedió al demandante $1,800 como indemnización, haciendo constar que se reservara la cantidad de $1,350 que recibió el demandante por resolución de la Comisión Industrial hasta tanto se ventilase el derecho del patrono que hizo el pago, que es la Central Cambalache.

La apelante señala cuatro errores que argumentaremos conjuntamente, ya que las cuestiones envueltas están íntimamente relacionadas y se reducen a resolver si la corte inferior estuvo acertada o no al establecer sus conclusiones, respondiendo a las preguntas formuladas por las partes.

■■ Empieza la demandada apelante llamando la atención a un error de la corte inferior comentando el artículo 45 de la ley (núm. 85 de 1928, pág. 631), que textualmente dice así:

"En los casos en que la lesión por la cual el obrero tiene derecho a indemnización de acuerdo con esta Ley, le hubiere sido causada bajo circunstancias que creen una responsabilidad contra tercera persona o contra el patrono por lesiones causadas por su acto ilegal o negligencia criminal (*willful misconduct*) o por defecto en las maquinarias o implementos si el obrero o sus herederos hubieren recibido indemnización, de acuerdo con esta Ley, del fondo de seguros del Estado, la Comisión Industrial se subrogará en los derechos del obrero lesionado o sus herederos, y podrá entablar y obtener daños y perjuicios de la tercera persona o del patrono responsable de dicha lesión, los cuales daños y perjuicios, una vez obtenidos, serán ingresados en el Fondo de Indemnizaciones a Obreros a beneficio del grupo particular en que estaba clasificada la ocupación del obrero lesionado."

Sostiene la corte inferior que el artículo anteriormente transcrito no tiene aplicación al presente caso, porque la de-

mandada no se ha declarado culpable de negligencia criminal sino de mera negligencia o descuido. El razonamiento es erróneo. Aunque la demandada hubiese sido culpable de un acto ilegal o negligencia criminal, no serían aplicables las disposiciones del artículo referido, porque de acuerdo con el artículo 4 de la misma ley no son accidentes del trabajo y no darán, por consiguiente, derecho a indemnización al obrero o a sus herederos, los que ocurran "cuando la lesión le haya sido causada al obrero por el acto criminal de una tercera persona." Cuando una tercera persona incurre en responsabilidad que no constituye negligencia criminal, para con un obrero cuyo patrono esté asegurado con el fondo del estado, la Comisión Industrial se subrogará en los derechos del obrero lesionado o sus herederos, y podrá entablar y obtener daños y perjuicios de esa tercera persona. También puede hacerlo así cuando el patrono haya sido culpable de negligencia criminal (*willful misconduct*) y se halla asegurado con el fondo del estado. En uno y otro caso el obrero lesionado tiene un derecho claro a dirigirse directamente contra la parte responsable y es por esta razón que la Comisión Industrial puede subrogarse en los derechos del obrero lesionado.

Es indudable que el obrero puede demandar al patrono en ciertas y determinadas circunstancias que se especifican en los artículos 31, 33 y 44 de la ley, y no es menos cierto que puede demandar también a una tercera persona, cuando así lo desee, sin que esté sujeto en el ejercicio de su derecho a limitación legal alguna. El artículo 44 de la ley dice así:

"Nada de lo contenido en esta Ley se interpretará en el sentido de privar al obrero lesionado, o a sus herederos de acuerdo con esta Ley, en caso de muerte, de la renuncia de las disposiciones de esta Ley, en cualquier tiempo antes de recibir compensación en virtud de la misma, y a reclamar y obtener daños y perjuicios de su patrono, de acuerdo con las lesiones sufridas por dicho obrero si hubieren sido causadas por acto ilegal o negligencia criminal de su patrono (*willful misconduct*); *Disponiéndose,* que solamente en ese caso de renuncia y en los demás prescritos en la presente, tendrá el obrero comprendido

en esta Ley, o sus herederos de acuerdo con la misma, derecho a ejercitar la acción de daños y perjuicios contra el patrono.''

Como se ve, en caso de negligencia criminal o acto ilegal el obrero puede promover una acción de daños y perjuicios contra su patrono, si renuncia la indemnización estatutaria.

Las disposiciones transcritas demuestran claramente que no pudo ser la intención legislativa conceder a la Comisión Industrial el derecho de subrogación cuando el accidente fué causado por el acto ilegal o negligencia criminal de una tercera persona, por la sencilla razón de que un accidente ocurrido en estas condiciones no está cubierto por las disposiciones de la ley. La Comisión Industrial, que no viene obligada, en estas circunstancias, a conceder al obrero cantidad alguna, no puede tener un derecho de subrogación para reclamar una suma que el fondo del estado no ha desembolsado y que no está obligado a desembolsar.

El artículo 45 de la ley, que es el único que hace mención de terceras personas, no impide que el obrero pueda promover una acción de daños y perjuicios contra un tercero, aunque haya recibido indemnización dentro de la ley por el mismo accidente. Aún en el caso de que el fondo de seguros del estado hubiese satisfecho la correspondiente indemnización al demandante por el accidente, no estaría éste impedido de promover una acción contra la compañía ferroviaria, ya que el artículo 45 sólo dice lo siguiente:

'' . . . la Comisión Industrial se subrogará en los derechos del obrero lesionado o sus herederos, y podrá entablar y obtener daños y perjuicios de la tercera persona . . .''

El derecho de la Comisión Industrial a la subrogación no es óbice para que el obrero obtenga la indemnización que le corresponda del tercero culpable, mediante una acción judicial. El hecho de que una persona tenga derecho a subrogarse en los derechos de otra, no impide que ésta ejercite una acción para hacer valer sus derechos. La persona con derecho a subrogarse puede reclamar lo obtenido por el obrero

en dicha acción. La subrogación no implica un derecho exclusivo para ejercitar la acción. *Cameron & Co.* v. *Gamble,* 216 S. W. 457; *Scalise* v. *Venzie & Co.*, 152 A. 90; *Reynolds* v. *Grain Belt Mills Co.*, 78 S. W. (2d) 124, 130. En *Maltz* v. *Sherwood Brothers,* 176 A. 842, se sostiene que el derecho de subrogación de un patrono tiene que ser ejercitado mediante una acción promovida a nombre del obrero lesionado. Si éste promueve la acción después de recibir la compensación, la Comisión Industrial tendrá derecho a una reclamación que cubra la suma que le satisfizo al obrero.

Hay leyes de este carácter en los Estados Unidos que disponen que en estos casos el obrero tiene derecho a elegir si aceptará la compensación que le concede la ley o si promoverá una acción de daños y perjuicios contra el tercero culpable del accidente. (Mass., Mich., Minn., N. Y., Okl., Utah, Idaho, Me., Ore., Mont.). El estado de Washington no permite la elección. Todas las indemnizaciones deben reclamarse dentro de la ley por accidentes del trabajo. (Leyes de 1911, p. 356, sec. 5.) Las decisiones de los tribunales en estos estados no pueden tener aplicación en Puerto Rico, donde no existen los preceptos interpretados y comentados por dichas decisiones. Hay estados que tienen disposiciones específicas en cuanto a la acción contra una tercera persona por el obrero o sus representantes. En el tomo 71, p. 1534, de Corpus Juris, se dice lo siguiente:

"En la ausencia de una disposición estatutaria o constitucional un obrero no está obligado a elegir y el hecho de que haya recibido compensación bajo la ley, no impide que inicie una acción contra la tercera persona que ha causado el accidente."

En el estado de Pennsylvania no se requiere esa elección, pero la ley dispone que el patrono, de acuerdo con el artículo 319 de la ley, se subrogue en los derechos del obrero en la suma que haya satisfecho. La Corte Suprema de dicho estado, en el caso de *Scalise* v. *F. M. Venzie,* supra, dijo lo siguiente:

"La apelada recibió una suma como compensación bajo la Ley de Compensaciones por Accidentes del Trabajo (Pa. St. 1920, sec. 21916 et seq.), y se alega que de acuerdo con el art. 319 (Pa. St. 1920, sec. 22016), toda vez que la apelada depende del obrero y ha recibido compensación, no tiene derecho a iniciar este litigio, puesto que el derecho de acción pertenece exclusivamente al patrono, quien queda subrogado para reclamar la cantidad que ha satisfecho en virtud del accidente. Se cita el caso de Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858. Lo que se decidió en este caso fué lo siguiente: que el art. 319 subroga al patrono en cualquier suma que pague al obrero o sus dependientes, con motivo de un accidente ocasionado por una tercera persona. La decisión no sostiene que el patrono es la única persona que puede demandar. El tenor de ésa y otras decisiones es en sentido contrario. El caso de Yellow Cab apoya con tanta fuerza este aspecto de la subrogación que aun en el caso de que el obrero transigiera con el tercero culpable, el derecho del patrono a reclamar la suma satisfecha no cesaría, aunque sus derechos pueden perderse por abandono. En el primer caso, que consideró el derecho de acción del patrono (Mayhugh v. Somerset Telephone Co., 265 Pa. 496, 109 Atl. 213), la corte inferior designó una porción de la sentencia para beneficio del patrono. Nosotros desestimamos la apelación sosteniendo la orden sin discutir los derechos del obrero. El artículo 329, al decir 'se subrogará hasta el montante de la compensación que se pague', no quiere decir que el derecho para reclamar contra el culpable descansa en el patrono exclusivamente, ni hay nada en la ley que sugiera tal interpretación.

"El derecho de acción permanece en el obrero lesionado; la demanda debe promoverse a su nombre; el patrono puede comparecer como un demandante adicional, según se hizo en Gentile v. Phila. & Reading Ry., 274 Pa. 335, 118 A. 223; o puede, como se hizo en Mayhugh v. Somerset Tel. Co., supra, intervenir para el propósito de protección o puede, según se sugirió en Smith v. Yellow Cab Co., supra, notificar al tercero culpable del hecho de la existencia del empleo, y de los pagos que fueron hechos o que van a ser hechos a favor del obrero. Al patrono, además, no debe negársele el derecho de demandar por el hecho de que el obrero no lo haga, pero puede instituir la acción en el nombre de éste."

En New Jersey aparentemente no existe ley alguna exigiendo que se elija uno u otro remedio, según se deduce del caso de *Jacowitz* v. *Delaware L. & W. R. Co.*, 87 N.J.L. 273,

92 A. 946, donde la Corte de Errores y Apelaciones se expresó así:

"El último motivo de error que se alega por el abogado del apelante para solicitar la revocación de la sentencia, es que el juez sentenciador se negó a transmitir al jurado una instrucción para que rindiera un veredicto en favor del demandado. El apelante alega que tenía derecho a esta instrucción, ya que aparece que el demandante recibió compensación en un procedimiento contra Magor Car Company, su patrono, bajo la Ley de Compensaciones del Trabajo por las lesiones que se le infirieron, habiendo el demandante exonerado de toda ulterior responsabilidad a su referido patrono Magor Car Co.; que la referida compañía fué culpable también del accidente y que esa exoneración tuvo el carácter de exonerar al apelante. Esta argumentación puede contestarse de dos maneras:

"En primer lugar la compensación satisfecha por el patrono Magor Car Co. al demandante lo fué en cumplimiento de una obligación que surge de la ley y que puede calificarse de un contrato estatutario entre patrono y obrero. En virtud de los términos de este contrato estatutario, el obrero tenía derecho a compensación, irrespectivamente del hecho de que el patrono fuese negligente o no. Si bien el demandante no tenía el deber de exonerar al patrono, el hecho de la exoneración no hace surgir la presunción de que fuese dada al patrono para exonerarlo como un 'joint tort feaser' en presencia del hecho de que existía un procedimiento en corte contra el patrono por el demandante, bajo la Ley de Compensaciones del Trabajo, en el cual el montante de la compensación había sido reducido a la suma de $800, habiéndose dado la exoneración por esta suma.

"En Newark Paving Co. v. Klotz, 85 N.J.L. 432, 91 Atl. 91, confirmado en apelación por esta corte se sostuvo que un obrero lesionado en un accidente ocurrido en el curso de su empleo, por el cual era responsable otra persona distinta de su patrono, no perdió su derecho a compensación bajo la ley de 1911 (P. L. 1911, pág. 334), por razón de una transacción y exoneración del tercero culpable. Es verdad que en el presente caso la exoneración fué dada al patrono y no a la persona culpable, como ocurrió en Newark Paving Co. v. Klotz, supra, pero esta diferencia en ese respecto no afecta en el más mínimo grado la aplicabilidad del principio relativo al efecto legal de tal exoneración adoptado en dicho caso, al que ahora consideramos."

De acuerdo con las decisiones citadas, que comentan estatutos muy similares al nuestro en relación con la cuestión planteada, el obrero puede reclamar indemnización de una tercera persona culpable del accidente aunque haya recibido compensación de acuerdo con la Ley de Accidentes del Trabajo.

■ Alega la demandada apelante que el artículo 1112 del Código Civil, edición 1930, es aplicable al presente caso. Dispone este artículo que el que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad. Se arguye que la persona que satisfizo al obrero la compensación concedida por la Comisión Industrial ha quedado subrogada en sus derechos y que sólo ella está autorizada para promover esta acción. En nuestro sentir, la subrogación no limita el derecho del obrero para dirigirse contra el tercero culpable. Si por el hecho de la subrogación se prohibiese al obrero demandar a la tercera persona, el resultado sería que el tercero, culpable del acto torticero, quedaría relevado de satisfacer cualquier suma que hubiese tenido la obligación de pagar, en exceso de la satisfecha por el patrono, en caso de que hubiese sido directamente demandado por el obrero. En esta acción en que patrono y obrero son partes interesadas, la responsabilidad de la demandada debe ser una e indivisible, ya que no sería razonable someterla a las molestias e inconveniencias de dos acciones, una de parte del obrero y otra del patrono. Opinamos que cuando el obrero no ejercita la acción, el patrono puede hacerlo a su nombre, y que cuando la acción se ejercita por el obrero, el primero tiene derecho a intervenir. Quizá la mejor práctica sería que ambos se unieran para promover la acción.

Es claro, en nuestro sentir, que la acción promovida por el demandante en este caso está permitida por la ley, sin que esto quiera decir que el obrero pueda enriquecerse recibiendo una doble indemnización por el mismo accidente. Si la cuantía de los daños y perjuicios excede de la compensa-

ción que obtuvo el obrero, de acuerdo con la ley por acciden-
tes del trabajo, la persona que satisfizo esta compensación
tendrá derecho a recibir una cantidad igual a la compensa-
ción pagada.

En cuanto a la cuantía concedida en concepto de daños y
perjuicios, no creemos que la corte *a quo* haya concedido una
suma excesiva. La Comisión Industrial concedió como com-
pensación al demandante la cantidad de $1,350. La corte de
distrito condena a la demandada a satisfacer la suma de $1,800
por la pérdida de la pierna y la incapacidad que le ocasiona
para su trabajo durante el resto de su vida, y las angustias
morales y mentales sufridas. El tribunal, en su sentencia,
ordenó que se reservara la cantidad de $1,350 de la suma con-
cedida que recibió el demandante según resolución de la Co-
misión Industrial de Puerto Rico, hasta tanto pudiesen ven-
tilarse los derechos del patrono que hizo el pago. Esta parte
de la sentencia en nada afecta a la parte demandada y no ha
sido impugnada por ninguna de las partes. La corte de dis-
trito, como cuestión de hecho, le ha concedido al demandante
la cantidad de $400 adicionales. Los derechos de este de-
mandante es la única cuestión pendiente ante esta corte.

En el caso de *Black* v. *Chicago Great Western R. Co.,* 174
N. W. 774, 780, se inició una acción por el obrero después de
haber recibido compensación de acuerdo con la ley de acci-
dentes del trabajo. La corte confirmó el fallo de la corte in-
ferior, expresándose así al terminar la opinión que emitiera
en dicho caso:

"Bajo las peculiares circunstancias demostradas, se devuelve el
caso con la instrucción de que el patrono sea hecho parte, a fin de
que cualquier compensación que haya sido pagada por él pueda ser
deducida de la sentencia y satisfecha a él y el balance al deman-
dante."

En el presente caso la propia parte demandante se ha en-
cargado de solucionar cualquier dificultad, puesto que no ha

hecho objeción alguna a la sentencia dictada por la corte inferior, reservando la suma satisfecha hasta tanto se ventilen los derechos de la persona que hizo el pago.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Travieso no intervino.