FELIPE SANABRIA, hoy su Sucesión compuesta de su esposa doña MARÍA ANTONIA NAVARRO y sus hijos FELIPE JUAN y CARMEN SANABRIA Y NAVARRO, representados por su madre Doña ANTONIA NAVARRO, demandante y apelante, *v.* WHITE STAR BUS LINE, INC., demandada y apelada.

Núm. 7170.—*Sometido:* Diciembre 11, 1936. *Resuelto:* Diciembre 18, 1936.

*Daniel Pellón, Jr.* y *Mariano Acosta Velarde*, abogados de la apelante; *Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 21 de mayo de 1931, Felipe Sanabria fué arrollado por una de las guaguas de la demandada mientras dicho Sa-

nabria prestaba servicios como policía de tráfico en la Avenida Ponce de León, frente a la Iglesia San Agustín, en el barrio Puerta de Tierra de esta ciudad de San Juan.

El lesionado Felipe Sanabria radicó demanda ante la Corte de Distrito de San Juan el día 18 de mayo de 1932, reclamando indemnización por las lesiones que le fueron causadas por la guagua referida de la demandada. Seis meses después de radicada la demanda, y antes de celebrarse el correspondiente juicio, falleció Felipe Sanabria, y año y medio después de ocurrido este hecho la sucesión de Felipe Sanabria compareció ante la corte de distrito dentro del pleito radicado por su causante y solicitó se le sustituyera en su lugar para que continuara la acción, a nombre de los herederos, tal como si no hubiese fallecido Felipe Sanabria. Así lo declaró la corte inferior, y luego de contestada la demanda fué el pleito a juicio, habiendo dictado la corte *a quo* sentencia mediante la cual declaró sin lugar la demanda sin especial condenación de costas.

No hay controversia con respecto a las cuestiones fundamentales que sirven de base a la acción ejercitada. Ambas partes, en virtud de estipulación, han aceptado los siguientes hechos:

Que Felipe Sanabria, en la fecha del accidente, pertenecía al Cuerpo de la Policía Insular de Puerto Rico, y a la hora de dicho accidente prestaba servicios como tal policía en la Avenida Ponce de León y frente a la Iglesia San Agustín, de Puerta de Tierra, atendiendo y regulando el tráfico de personas en dicho sitio; que la guagua que arrolló a Felipe Sanabria era propiedad de la demandada y en los momentos del accidente era conducida por un empleado de dicha demandada que actuaba dentro de los deberes de su cargo y con ocasión del mismo; que Felipe Sanabria fué arrollado por dicha guagua y sufrió la fractura de la tibia y peroné de la pierna izquierda, heridas incisas en la región frontal-parietal izquierda, herida contusa del carrillo izquierdo acompañada con pérdida transitoria del co-

nocimiento; que Felipe Sanabria fué sometido a tratamiento médico el día 21 de mayo de 1931 en la Clínica Santurce y en junio 29 de 1931 recluído por orden de la demandada en la Clínica Neurológica del Doctor Juliá, donde permaneció hasta mayo de 1932; que las lesiones mencionadas recibidas por Felipe Sanabria se debieron a la negligencia de la demandada, sin que mediara culpa o negligencia alguna por parte de dicho Felipe Sanabria; que desde el 21 de mayo de 1931 hasta el día 17 de noviembre de 1932 Felipe Sanabria quedó físicamente imposibilitado para su trabajo de policía insular y dejó de percibir en consecuencia la suma de $81 mensuales que ganaba en concepto de sueldo como policía insular; que estando asegurados todos los funcionarios de la Policía Insular en el Fondo del Estado contra accidentes de trabajo, el accidente sufrido por Felipe Sanabria fué referido a la Comisión Industrial; que el causante de los demandantes recibió de dicha comisión, en concepto de anticipos a cuenta de su indemnización, la suma de $583.75, además de $1,142 en concepto de hospitalización y rayos X, quedando a la fecha del fallecimiento de dicho Felipe Sanabria un remanente de $916.25, de cuya cantidad se ordenó pagar a la viuda, Antonia María Navarro, la suma de $316.25, y a los hijos Felipe, Juan y Carmen Sanabria, la suma de $600.

La corte inferior resolvió que los demandantes no tienen causa de acción contra la demandada, por haber recibido compensación de la Comisión Industrial. La demandada apelada admite que esta cuestión ha sido resuelta por esta corte en el caso de *Machado* v. *The American Railroad Co.,* 49 D.P.R. 843, y que por lo tanto la sentencia del tribunal inferior debe ser revocada.

A juicio de la parte apelada, un caso como el presente puede ser devuelto a la corte inferior con la instrucción de que el patrono sea hecho parte, a fin de que cualquier compensación que haya sido pagada por él pueda ser deducida de la sentencia, satisfaciéndose el balance a los demandan-

tes; pero para el caso de que esta corte resuelva dictar sentencia fijando la cuantía de la indemnización, llama la atención hacia los elementos de daños que surgen de la estipulación, únicos que a su juicio deben ser tenidos en cuenta por este tribunal. Añade además que dadas las circunstancias del caso, debe relevársele del pago de las costas.

Sostiene la parte apelada que el costo de tratamiento médico y hospitalización en la Clínica Santurce y en la del Dr. Juliá no pueden ser elementos de daños en esta acción.

Los abogados del demandante durante la vista se manifestaron conformes con la demandada, agregando que ellos no han incluído estos gastos en su reclamación. Es un hecho, sin embargo, que por orden de la Comisión Industrial se satisfizo a Felipe Sanabria la suma de $583.75, y que se ha ordenado el pago de otras sumas a la viuda y a los hijos del policía fallecido, amén de $1,142 satisfechos en concepto de hospitalización y Rayos X. Nos parece que para proteger los derechos del Fondo de Seguro del Estado éste es un caso que debe ser devuelto a la corte inferior.

En *Machado* v. *Am. R.R. Co. of P.R.,* supra, citamos el caso de *Black* v. *Chicago Great Western R. Co.,* 174 N.W. 774, 780, donde se inició una acción por el obrero después de haber recibido compensación de acuerdo con la ley de accidentes del trabajo. La corte confirmó el fallo de la corte inferior, expresándose así al terminar la opinión que emitiera en dicho caso:

"Bajo las peculiares circunstancias demostradas, se devuelve el caso con la instrucción de que el patrono sea hecho parte, a fin de que cualquier compensación que haya sido pagada por él pueda ser deducida de la sentencia y satisfecha a él y el balance al demandante."

Toda vez que este caso tiene que devolverse al tribunal *a quo,* entendemos que debe dársele la oportunidad a dicho tribunal de fijar la indemnización y de resolver la cuestión referente a las costas. No se devuelve el ·caso para la ce-

lebración de un nuevo juicio, sino para que, partiendo de la base de las cuestiones resueltas, se cite al Fondo del Estado a fin de que tenga la oportunidad de defender sus derechos y se hagan además los pronunciamientos a que nos hemos referido sobre la cuantía de la indemnización y las costas de este litigio.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para procedimientos ulteriores no incompatibles con esta opinión.*

El Juez Presidente Señor del Toro no intervino.