PRIMITIVO BONILLA, menor de edad representado por su madre con patria potestad MARÍA ACEVEDO MEDINA, demandante y apelado, *v.* ELADIO MITCHEL, demandado y apelante.

Núm. 7112.—*Sometido:* Marzo 11, 1937. *Resuelto:* Marzo 16, 1937.

*Miguel Bahamonde,* abogado del apelante; *Luis Mercader,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandante, joven de veinte años de edad, trabajaba como empleado del demandado en el funcionamiento y manejo de una machina o circo de caballitos que el demandado tenía instalada en el pueblo de Adjuntas. Se alega en la demanda que el patrono demandado no estaba asegurado en ninguna compañía ni con el Fondo del Estado; que el día 25 de agosto, 1933, mientras el demandante trabajaba en la machina del demandado, le fué cogido inadvertidamente el pie izquierdo por el piñón de la volanta de la máquina, destrozándole parte del pie, lo que hizo necesaria la amputación de cuatro de sus dedos; que como consecuencia de dicho accidente el demandante estuvo recluído en el hospital hasta el 12 de diciembre del mismo año, o sea por un período de tres meses y dieciséis días; que el accidente ocurrió sin ninguna culpa o imprudencia de parte del demandante; y que éste ha sufrido grandes dolores, y ha quedado mutilado e incapacitado para el trabajo. Se pide sentencia contra el demandado por la suma de $3,000 como indemnización, más las costas y honorarios de abogado.

Las defensas que se presentan por el demandado son:

1. Que el accidente se debió exclusivamente a la imprudencia temeraria y embriaguez del demandante.

2. Que la demanda no aduce hechos suficientes para determinar una causa de acción.

3. Que la Sección 31 de la Ley núm. 85 de 1928, titulada "Ley de Indemnizaciones por Accidentes del Trabajo," en que se basa esta acción, es nula e inconstitucional, viola derechos constitucionales del patrono y es contraria a derecho.

Celebrada la vista, la Corte de Distrito de Ponce dictó sentencia condenando al demandado a pagar la suma de \$500 como indemnización, más las costas, gastos y honorarios de abogado. Apeló el demandado y señala los siguientes errores:

1. Insuficiencia de los hechos alegados en la demanda.

2. Que la corte sentenciadora erró al no declarar que la Sección 31 de la Ley núm. 85 de 1928 es nula e inconstitucional.

3. Que la corte inferior erró al apreciar la prueba.

4. Que la indemnización concedida es excesiva.

5. Que la corte inferior erró al imponer las costas, incluyendo honorarios, al demandado.

Discutiremos los alegados errores en el mismo orden en que han sido señalados.

■■ La sección 31 de la Ley de Indemnizaciones por Accidentes del Trabajo (Ley núm. 85 de 1928, pág. 631) lee así:

"Sección 31.—Si cualquier patrono dejare de asegurar el pago de compensación por accidentes del trabajo de acuerdo con esta Ley, cualquier obrero perjudicado o sus herederos pueden proceder contra tal patrono radicando una petición para compensación con la Comisión, y además pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si esta Ley no fuera aplicable, y tendrán derecho en tal acción, sin prestar fianza, a embargar la propiedad del patrono por el montante que determinare la corte para asegurar el pago de la decisión que recayere. Tal embargo incluirá honorarios de abogado que serán fijados por la corte.

"Si como resultado de tal acción por daños y perjuicios recayere un fallo contra el patrono, en exceso de la compensación fijada por esta Ley, la compensación fijada por la Comisión, si fuere pagada o si fuere garantizada con garantía aprobada por la corte, se dedu-

cirá del fallo; *Disponiéndose,* que en tal acción se presumirá que el daño recibido por el empleado fué resultado directo y se debió a la negligencia del patrono, y el peso de la, prueba descansará sobre el patrono para contrarrestar la presunción de negligencia. En tal procedimiento no constituirá defensa para el patrono, que el empleado fué culpable de negligencia contributoria, o que asumió el riesgo de la lesión, o que la lesión fué causada por la negligencia de un compañero, o que la lesión fué causada por negligencia de un subcontratista o contratista independiente, a menos que el contratista o subcontratista independiente se hubiere asegurado con arreglo a las disposiciones de esta Ley.''

Sostiene el apelante que la demanda es insuficiente porque en ella se alega solamente que el demandado no estaba asegurado ''*en ninguna compañía ni con el Fondo del Estado en esta Isla,*'' y no se alega que *tampoco era su propio asegurador,* que es la tercera forma de seguro que autorizaba la sección 26 de la citada Ley núm. 85 de 1928.

Es cierto que un obrero lesionado no puede ejercitar la acción de daños y perjuicios contra su patrono nada más que en el caso de que el patrono dejare de asegurarse en alguna de las formas autorizadas por la citada sección 26 de la ley ;. y que cuando el patrono ha asegurado el pago de indemnizaciones por accidentes del trabajo, el único remedio que contra él tiene el obrero lesionado es el de radicar una petición para compensación con la comisión. (Sección 33, Ley núm. 85 de 1928.) Véase: *Machado* v. *The American Railroad Co. of P. R.,* 49 D.P.R. 843.

Es indudable que la demanda interpuesta en este caso sería más perfecta si, habiendo alegado que el demandado no estaba asegurado en ninguna compañía ni en el Fondo del Estado, hubiese alegado además que *el demandado tampoco era su propio asegurador;* pero no creemos que esas alegaciones sean absolutamente necesarias para que la demanda aduzca una causa de acción. Si el demandado era en realidad su propio asegurador, hecho que debía constarle a él mejor que a nadie, pudo muy bien alegarlo como materia de defensa en contra de la acción de daños y perjuicios. No lo hizo así el

demandado. Del récord no aparece que éste haya en momento alguno alegado o probado que él fuera su propio asegurador. El silencio del demandado en cuanto a este extremo es suficiente para que presumamos que él no era su propio asegurador.

Cualquier persona lesionada como consecuencia de un acto u omisión de otra persona tiene derecho a reclamar una indemnización. Es solamente cuando el lesionado es un obrero y el patrono está asegurado en alguna de las formas autorizadas por la ley, que ésta priva al obrero del derecho de acción que le concede el artículo 1802 del Código Civil (ed. 1930) para proceder contra el patrono. Cuando el obrero lesionado ejercita la acción de daños y perjuicios contra el patrono, el demandante no está obligado a alegar que el demandado no está asegurado para el pago de indemnizaciones a sus obreros. El hecho de estar asegurado en una u otra forma es materia de defensa que debe ser alegada y probada por el patrono para derrotar la acción de daños y perjuicios y obligar al obrero a entablar su reclamación ante la Comisión de Indemnizaciones de acuerdo con el procedimiento provisto por el estatuto. El demandante no estaba obligado a anticipar las defensas que pudieran ser interpuestas por el demandado. La objeción que ahora presenta el apelante es tardía y frívola y debe desestimarse.

Los argumentos del apelante para sostener la alegada nulidad e inconstitucionalidad de la sección 31, supra, pueden resumirse así:

(a) Que el estatuto impugnado impone al patrono el peso de la prueba para contrarrestar la presunción de negligencia, le priva de las defensas del derecho común, entre ellas la de negligencia contribuyente y no dispone las defensas que podrá oponer el patrono a la acción del lesionado, dejando al patrono maniatado e indefenso.

(b) Que la sección 31 es discriminatoria e irrazonable y viola el derecho de propiedad del patrono y priva a éste de su propiedad sin el debido proceso de ley, por cuanto concede al

obrero lesionado el derecho a embargar la propiedad del patrono, en aseguramiento de sentencia, sin prestar fianza.

Al sostener la constitucionalidad de la Ley de Indemnizaciones a Obreros del Estado de New York, que contiene disposiciones similares a la ley aplicable al caso de autos, la Corte Suprema Federal, en el caso de *New York Central Railroad Co.* v. *White,* 243 U. S. 188, 61 L. Ed. 667, se expresó así:

"La estrecha relación entre las reglas que rigen la responsabilidad del patrono para con el obrero y los derechos fundamentales de libertad y propiedad queda, desde luego, reconocida. Pero esas reglas, como normas de conducta, no están exentas de ser alteradas por medio de legislación en bien del interés público. Ninguna persona tiene un interés adquirido sobre ninguna disposición legal, que le dé derecho a insistir en que esa disposición legal permanezca inalterada para su beneficio. (Citas.) El derecho común basa la responsabilidad del patrono, por lesiones recibidas por el obrero, sobre la causal de negligencia; pero la negligencia es simplemente el incumplimiento de algún deber impuesto por la Ley; y la naturaleza y extensión de ese deber pueden ser modificadas por legislación, con el cambio correspondiente en cuanto a lo que constituye negligencia. Ciertamente, puede imponerse la responsabilidad por las consecuencias del incumplimiento de un deber estatutario, independientemente de la negligencia en el sentido ordinario, como por ejemplo en los casos de leyes sobre aparatos de seguridad. (Citas.)" . . . .

"Esta corte ha sostenido repetidamente la autoridad de los estados para variar por medio de legislación la regla sobre los compañeros en el trabajo y las demás reglas del derecho común que afectan la responsabilidad del patrono por las lesiones personales sufridas por el obrero. (Citas.)" . . . .

"Se ha dado gran énfasis al argumento de que la ley crea una responsabilidad sin culpa. Esto queda suficientemente contestado con lo que ya hemos dicho, pero podemos añadir que la responsabilidad sin culpa no es una novedad en el derecho. La responsabilidad que el derecho común impone al porteador, al hostelero o al que utiliza el fuego u otros agentes peligrosos o al que posee algún animal fiero, no depende por completo de las cuestiones de culpa o negligencia. Estatutos que imponen responsabilidad sin culpa han sido sostenidos como válidos. (Citas.)"

En *Hawkins* v. *Bleakly,* 243 U. S. 210, 61 L. Ed. 678, la Corte Suprema Federal reafirmó su decisión en el caso de *New York Central R. Co.* v. *White,* supra, y al sostener la validez de la Ley de Indemnizaciones a Obreros del Estado de Iowa, dijo:

"Algunas de las objeciones del apelante se basan en que al patrono se le somete a una especie de extorsión (*duress*) con el fin de obligarle a aceptar las disposiciones de la ley en cuanto a compensación, por cuanto se provee que un patrono que rechace esas disposiciones no se librará de la responsabilidad por las lesiones sufridas por un obrero como consecuencia o en el curso usual de su empleo, porque el obrero asumió los riesgos del empleo, o porque el obrero fué negligente, a menos que la negligencia fuere voluntaria y con la intención de causarse las lesiones o resultare de la embriaguez, o porque la lesión fuere causada por la negligencia de un compañero en el trabajo. Pero es claro, como hemos sostenido en New York C. R. Co. v. White (supra) que el patrono no tiene un derecho adquirido para que estas llamadas defensas del derecho común sean perpetuadas para su beneficio, y que la Enmienda 14 no prohibe a un estado el establecimiento de un sistema de compensaciones a obreros sin el consentimiento del patrono, aboliendo incidentalmente las referidas defensas.

"Lo mismo puede decirse en cuanto a la disposición de que, en una acción contra un patrono que haya rechazado la ley, se presumirá que el daño fué el resultado directo de su negligencia, y que él debe asumir el peso de la prueba para controvertir la presunción de negligencia. En adición, podemos repetir que el establecimiento de presunciones, y de reglas referentes al peso de la prueba, está claramente dentro del dominio del gobierno estadual, y que una disposición de esa índole, que no sea en sí irrazonable, y que no sea concluyente en cuanto al derecho de una parte, no constituye una negación del debido proceso de ley. (Citas.)"

Trata el apelante de distinguir el caso de *Hawkins* v. *Bleakly,* supra, del de autos, alegando que la ley de Iowa declara abolidas las defensas del *common law,* pero deja al patrono otras defensas, tales como la intoxicación y la de la intención maliciosa de causarse el daño, mientras que en la ley de Puerto Rico no se disponen las defensas que podrá oponer el patrono a la acción del lesionado. Tal

argumentación carece de fundamento. La Sección 4 de la misma Ley núm. 85 de 1928 dispone:

"Sección 4.—No son accidentes del trabajo y no darán, por consiguiente, derecho a indemnización al obrero o a sus herederos, de acuerdo con esta Ley, los que ocurran en las siguientes circunstancias:

"1. Al tratar el obrero de cometer un delito o de lesionar a su patrono o a cualquiera otra persona, o cuando voluntariamente se causare la lesión.

"2. Estando el obrero embriagado, siempre que la embriaguez fuere la causa del accidente.

"3. Cuando la lesión le haya sido causada al obrero por el acto criminal de una tercera persona.

"4. Cuando la imprudencia temeraria del obrero haya sido la única causa de la lesión."

Todas esas defensas enumeradas en la sección 4, supra, pueden ser interpuestas por el patrono que estando asegurado es llevado ante la Comisión de Indemnizaciones a responder de las lesiones sufridas por su empleado; y pueden ser interpuestas también por el patrono demandado en acción ordinaria de daños y perjuicios, pues la sección 31, supra, priva al patrono no asegurado solamente de aquellas defensas específicamente enumeradas en la misma sección, o sea la negligencia contribuyente, la asunción del riesgo y la negligencia de un compañero o subcontratista o contratista independiente, pero no le priva de las defensas especificadas en la sección 4, supra. La mejor prueba de ello es que el demandado en el caso de autos ha interpuesto como defensa la alegada embriaguez del demandante como causa única de la lesión.

Somos de opinión que las disposiciones de la ley que estamos considerando no violan en manera alguna los derechos constitucionales del demandado y que debemos sostenerlas como válidas y obligatorias.

 Sostiene el apelante que la corte sentenciadora erró en la apreciación de la prueba, pero no alega que ese error

haya sido motivado por la pasión, el prejuicio o la parcialidad del juzgador. Hemos hecho un cuidadoso estudio de la evidencia presentada por el demandado para sostener su defensa de intoxicación del empleado, como causa única de la lesión, y también de la ofrecida por el lesionado para sostener su estado de sobriedad en el momento del accidente. Considerada en conjunto, la prueba presentó un conflicto que hubo de ser resuelto por la corte inferior, ante la cual depusieron los testigos de una y otra parte. Al resolver ese conflicto, la corte inferior se expresó así:

"Toda la prueba del demandado tendió a establecer el hecho de que el demandante estaba embriagado la noche del accidente. La corte hace constar que no le ha merecido crédito esta prueba y que en su opinión la misma no ha rebatido la presunción de negligencia que establece la sección 31 de la Ley."

Apareciendo del récord prueba suficiente, a la que la corte dió crédito, para sostener que el demandante no estaba ebrio en el momento del accidente, es nuestro deber respetar y sostener las conclusiones de hecho del tribunal sentenciador y desestimar el error señalado.

Los señalamientos 4 y 5 deben ser desestimados por carecer de fundamento. No es excesiva una indemnización de $500 por lesiones que motivaron la amputación de cuatro dedos de un pie y que obligaron al demandante a permanecer en el hospital por más de tres meses y a sufrir dos operaciones. Y no creemos que la corte abusara de su facultad discrecional al imponer al demandado el pago de honorarios de abogado. Pudo el demandado reducir el importe de la indemnización, para ajustar ésta a las reglas de la Comisión de Indemnizaciones, y evitar el pago de honorarios, asegurando a sus empleados en una de las formas autorizadas por la ley. No lo hizo así y optó por correr el riesgo de una acción de daños y perjuicios.

*La sentencia recurrida nos parece justa y razonable y debe ser confirmada.*