46 N.J. Super. 232 (1957)
134 A.2d 507
GUSTAV SCHMIDT, PETITIONER-APPELLANT,
v.
REVOLVATOR COMPANY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided August 26, 1957.
*233 Mr. Leo Brauer, attorney for petitioner-appellant.
Mr. John W. Taylor, attorney for respondent-respondent.
NIMMO, J.C.C.
This is an appeal from the Division of Workmen's Compensation. On October 8, 1954 the petitioner *234 sustained an injury arising out of and during the course of his employment with the respondent. The injury resulted when a piece of steel chipped off a chisel, with which the petitioner was cutting sheet metal, and became imbedded in his left forearm. The respondent immediately directed the petitioner to a doctor for medical treatment. The doctor washed and sutured the wound, evidently unaware that the piece of chisel was imbedded beneath the visible opening of the wound. He took no X-rays. Four days later the petitioner returned to the same doctor who merely treated the wound and applied a fresh dressing. Three days subsequent, the petitioner returned to this doctor complaining of pain and discoloration in the area of the wound. The doctor again merely put a fresh dressing over the wound and discharged the petitioner. The petitioner returned to his place of employment and notified one of the owners that he was going to his own doctor. He proceeded to the office of Dr. Allan Klein. Dr. Klein took a history of the petitioner's accident and treatment by the previous doctor. The history indicated that the petitioner was experiencing a numbness and tingling sensation in the area of the wound extending down into the wrist, thumb, index and middle fingers. Dr. Klein X-rayed the petitioner's left arm, and ordered him to a hospital where, on the same evening, he removed the steel fragment by surgical intervention and the use of an electro-magnet.
Dr. Klein's bill, including post-operative care and treatment, totalled $125.
The petitioner initiated a claim against the first doctor alleging malpractice. This claim was settled, without the necessity of instituting suit, for $2,000. The record indicates that from this $2,000 counsel fees and costs in the sum of $800 were deducted, leaving the petitioner the sum of $1,200.
Subsequent to the malpractice settlement the petitioner's claim against the respondent for workmen's compensation was heard. The petitioner testified to the occurrence of the injury, the alleged malpractice of the respondent's doctor, the operation and treatment by Dr. Klein, and his present *235 subjective complaints of numbness and tingling. Dr. Klein testified that he operated upon and treated the petitioner for the chisel injury and that as a result of the injury and operation, and based on the petitioner's subjective complaints, the petitioner is suffering from a permanent disability. Medically, this disability is the result of nerve severance by the initial injury and to a small degree the operation itself. Dr. Klein also testified that when he examined the petitioner on the day of the operation the wound was infected.
Dr. Visconti, an examining physician, testified to an examination on June 19, 1956. His diagnosis was residual fibrosis with some neuromuscular reference involving some nerve filaments in the area of the scar. His estimate of permanent disability was 12 1/2% of the left hand.
The respondent's only witness was Dr. Henry Klaus. He testified that he examined the petitioner on January 10, 1956 and estimated his permanent disability at 3% of the left hand.
At the conclusion of the hearing the deputy director awarded to the petitioner three weeks of temporary disability, or $90, and 7 1/2% permanent disability of the left hand, or $517.50. In addition, he found that the petitioner had incurred a medical expense of $125 properly chargeable to the respondent. The total award to the petitioner was therefore $732.50. The deputy director then found that the malpractitioner was a "third party" within the meaning and contemplation of N.J.S.A. 34:15-40. He thereupon dismissed the petition on the ground that the entire compensation obligation of the respondent was extinguished because the settlement proceeds to the petitioner from the malpractice claim were much greater than the compensation award. The petitioner appeals from this finding. The respondent contends that it should be credited for the full amount of the compensation award.
This court will review only those issues specifically raised and submitted by the parties, Fink v. City of Paterson, 44 N.J. Super. 129, 139 (App. Div. 1957). The only question so raised by the parties is to what extent the *236 respondent is the beneficiary of the proceeds of the malpractice settlement.
There is no reported case in New Jersey which is dispositive of this issue. The "third party" provision of our Workmen's Compensation Act (N.J.S.A. 34:15-40) does not appear to encompass such a situation and thereby cannot specifically direct its resolution. In relation to workmen's compensation, the entire concept of "third party" liability as it is woven into our present statute preserves to an injured workman his right of action against a third-party tortfeasor for an injury caused by the latter, while at the same time it prevents a workman from recovering twice for the same industrial injury. The benefit is not only to the employee whose claim against the third person may include elements of damage beyond those which may be sought against his employer, but to the employer as well. For, if the employer has already paid the employee compensation for an industrial injury and a third party claim is successful for the same injury, the employer may be reimbursed for his expenditure. And, if he has not as yet paid he may be credited. The manner and extent of reimbursement and crediting is carefully set out in the statute.
The parties agree that the respondent is entitled to be credited out of the settlement monies for its alleged compensation liability arising out of the malpractice. They are at issue, however, as to whether the respondent may also be credited for its compensation liability arising out of the initial chisel injury. The difficulty, it would seem, is more factual than legal. The legal rights of a respondent against a "third party," as well as any benefits which may inure from such rights, can certainly be no greater than those of the employee from whom the respondent's rights are derived. The liability of a tortfeasor, "third party" or otherwise, is measured by the injuries proximately caused by his negligence. A malpractitioner, therefore, is only liable for the injuries proximately caused by his negligence, and is not liable for any injuries which are caused by another. Any monies which a malpractitioner pays in settlement of a claim *237 cannot be held, in legal contemplation, to have been a payment for an injury for which the doctor was not liable, and the amount of such a settlement cannot alter his liability. The $2,000 the petitioner received in settlement of his malpractice claim was a payment in release of the petitioner's claim arising out of the injury caused by the doctor's malpractice and not for any other injury. The petitioner has, in fact, never been compensated for the initial chisel injury. It is an industrial injury for which no "third party" is liable and N.J.S.A. 34:15-40 is therefore not applicable. The statute in question becomes operative only where a "third party" is liable for the same injury for which an employer is liable under our Workmen's Compensation Act. It does not extend to other injuries. If it were to be construed to extend to injuries for which a "third party" were not liable its purpose would be subserved. Money received by an employee from a "third party" tortfeasor is not a fund out of which an employer may be credited for any compensable injury. An employer may only be credited and released from its workmen's compensation obligation for an injury for which a petitioner has already been paid by a "third party" tortfeasor.
Where an injury aggravates a former injury the evaluation of the damage caused by each is difficult. But the evaluation must be made through adequate proofs and not by altering the rights and liabilities of the parties.
The cause is hereby remanded for the purpose of taking additional medical proofs so as to enable the deputy director to evaluate the percentage of disability attributable to the initial chisel injury and to evaluate the percentage of disability attributable to the malpractice injury. The respondent will then be credited for only its alleged compensation liability arising out of the malpractice injury, if any, less its proportionate share of counsel fees not exceeding one-third, and expenses not exceeding $200, pursuant to N.J.S.A. 34:15-40. For this purpose the $800 deducted from the $2,000 settlement for counsel fees and costs must also be itemized.