JAMES A. BELLO, PETITIONER-RESPONDENT, v. COMMIS-
SIONER OF THE DEPARTMENT OF LABOR AND IN-
DUSTRY, AS TRUSTEE OF THE TWO PER CENT FUND,
DEFENDANT-APPELLANT.

Argued January 21, 1970—Decided April 20, 1970.

42

Mr. *Stephen Skillman*, Assistant Attorney General, argued the cause for appellant (*Mr. Arthur J. Sills*, Attorney General of New Jersey, attorney).

*Mr. Seymour B. Jacobs* argued the cause for respondent (*Messrs. Balk, Jacobs, Goldberger & Mandell,* attorneys).

The opinion of the court was delivered by

HANEMAN, J. This case concerns the question whether, where an employee obtains a cash settlement from a third-party tort-feasor in release of the latter's liability for the employee's injury which also gave rise to workmen's compensation liability, such funds should be employed as reimbursement to the Two Per Cent Fund (Fund), *N. J. S. A.* 34:15–94, for payments made under *N. J. S. A.* 34:15–95.

Bello filed a petition for compensation payments against Goodyear Tire and Rubber Company (Goodyear) for toxic encepholopathy resulting from work-connected exposure to deleterious gases. He amended his petition, joining the One Per Cent Fund (later increased to Two Per Cent, *L.* 1966, *c.* 65, §1), from which he sought additional compensation for disability arising out of a condition which pre-existed his Goodyear employment. The Judge of Compensation found Bello to be totally and permanently disabled, with 75% of this disability being attributable to his Goodyear employment and another 25% to a pre-existing partial disability. He was awarded workmen's compensation benefits from Goodyear in the sum of $13,500, but the full amount of this award, except for the employer's share of attorney's fees and litigation costs, was abated on account of a $30,000 recovery obtained by Bello in settlement of a third-party action. In addition, the Judge of Compensation filed a report with the Commissioner of Labor and Industry, recommending that eligibility for benefits from the Fund had been established for the 25% attributable to a pre-existing partial disability. This recommendation was accepted by the Commissioner, who further determined, also pursuant to the Judge of Compensation's recommendation, that the Fund could claim a credit for the balance of Bello's third-party recovery not already exhausted by the credit taken by the employer. Bello appealed to the County Court from

the determination of entitlement of the Fund to credit out of the above referred $30,000. The County Court held that the Fund was not entitled to such credit. The Fund appealed to the Appellate Division which affirmed the County Court. *Bello v. Com'r of Dept. of Labor and Industry,* 106 *N. J. Super.* 405 (App. Div. 1969). This Court granted the Fund's petition for certification. 54 *N. J.* 561 (1969).

The pertinent statutes which are brought into play on this appeal are *N. J. S. A.* 34:15–40 and *N. J. S. A.* 34:15–95.

*N. J. S. A.* 34:15–40 reads:

"Where a third person is liable to the employee or his dependents for an injury * * *, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee * * *, nor be regarded as establishing a measure of damage therein. In the event that the employee or his dependents shall recover and be paid from the said third person or his insurance carrier, *any sum* in release or in judgment on account of his or its liability to the injured employee or his dependents, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided. [Emphasis supplied]

* * * * * * *

"(b) If *the sum recovered* by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined." [Emphasis supplied]

*N. J. S. A.* 34:15–95 reads in part:

"The sums collected under section 34:15–94 of this Title shall constitute a fund out of which a sum shall be set aside each year * * * from which compensation payments in accordance with the provisions of paragraph (b) of section 34:15–12 of this Title shall be made to persons totally disabled, as a result of experiencing a subsequent permanent injury under conditions entitling such persons to compensation therefor, when such persons had previously been permanently and partially disabled from some other cause; * * *."

We agree with the conclusion of the Appellate Division which reads (at *pp.* 415 and 416) :

"From the foregoing we are convinced that, rather than conferring new or separate benefits upon the employee, the One Per Cent Fund Act merely shifted the burden of paying part of the compensation benefits consequent upon the disability suffered by the employee, from the employer's carrier to a fund derived from all carriers. It follows that payments of benefits by the Fund are payments of compensation within the intendment of *N. J. S. A.* 34:15–40.

The omission to specifically spell out, in *N. J. S. A.* 34:15–40, the Fund's right to credit or reimbursement does not negate the conclusion we have reached. *Cf. Caputo v. Best Foods, Inc.,* 39 *N. J.* 371 (1963) ; *New Amsterdam Casualty Co. v. Popovich, supra.* When considered against the background of the purposes of the act, we see nothing in reason or logic to support the conclusion that by the creation of the Fund the Legislature intended to lessen the obligation of negligent third parties to make reimbursement to those charged with responsibility for the payment of workmen's compensation. As noted, prior to 1923 the employer was required to shoulder the entire burden of an employee's disability, *Combination Rubber Mfg. Co. v. Obser, supra,* and was entitled to be reimbursed out of any third-party recovery for compensation already paid and to receive credit on account of all compensation thereafter to become due."

We also agree with the reasoning which precedes the above quotation. We disagree, however, with the reservation which follows the above statement that "one who has paid or become liable to pay compensation to an injured employee is entitled to credit or reimbursement only as to such items as the employee may be entitled to recover against the third party whose negligence occasioned his injuries", 106 *N. J. Super.,* at 416, for which proposition the court cites *O'Brien v. New Jersey State Highway Dept.,* 11 *N. J. Super.* 548 (App. Div. 1951) ; *Houlihan v. Raymond,* 49 *N. J. Super.* 85 (Law Div. 1958) ; *Schmidt v. Revolvator Co.,* 46 *N. J. Super.* 232 (Cty. Ct. 1957) ; *Roberts v. All American Engineering Co.,* 104 *N. J. Super.* 1 (App. Div. 1968).

In *O'Brien, supra,* the court held that an employer was not entitled to reimbursement for the payment of funeral expenses, out of a settlement of a suit against a third party responsible for the death of his employee. The reason stated

at *p. 551* is that: "It is quite clear that the term 'compensation' as used in its present context does not include funeral expense." The decisional point was that the payment of funeral expense was neither a payment of "medical expenses" nor "compensation payments" for which *N. J. S. A*. 34:15–40 had provided for reimbursement to the employer. Further reference in that opinion to the limitation of employer reimbursement to only those elements of damages for which recovery could be had by the employee in a third-party action was not the basis of the holding. Insofar as that opinion might be found to have so stated, it was *dictum* unnecessarily and improperly employed to bolster a reasoning that the employer could be reimbursed only, as stated in the statute, for "medical payments incurred and compensation payments theretofore paid to the injured employee or his dependents." *N. J. S. A*. 34:15–40(b).

In *Houlihan, supra,* the employee who was 17 years of age was injured. She received a double award, *i. e.,* (1) a sum from the insurer under the Workmen's Compensation Act, and (2) a similar amount from the employer under *N. J. S. A*. 34:15–10, by way of penalty for having employed a minor between 14 and 18 years of age without an employment certificate. Reimbursement was allowed the insurer but denied the employer out of a recovery by the employee from the third party causing the injury. The court in effect held that the employer's payment was a penalty and not a "compensation" payment for which *N. J. S. A*. 34:15–40 allows reimbursement.

Again, the additional reason stated in the opinion for denying reimbursement is based upon a construction of *N. J. S. A*. 34:15–40(f). The additional reason was unnecessary as the first stated reason was sufficient to support the result. The above cited section does not deal with the extent and limit of the employer's right to reimbursement. Rather, it deals with the extent or limit of recovery against a third party, where the employee fails to institute proceedings against the third party within one year of the accident and

such suit is commenced by the employer. To paraphrase the statute, the third party shall then be liable only to the same extent as he would have been liable had the employee himself instituted action within a year of the accident.

The extent or limit of the right to reimbursement is separately articulated in the first paragraph of *N. J. S. A.* 34:15-40 which provides for a reduction of the employer's obligation upon the payment of "any sum" to the employee. Paragraphs (b) and (c) of *N. J. S. A.* 34:15-40 provide for contingent consequences where *"the sum* recovered by the employee" [emphasis supplied] is equivalent, greater or less than the liability of the employer. That it was the legislative intent to permit reimbursement out of the entire third-party recovery is bolstered by paragraph (d) which provides in part:

"Thereafter, out of that part of *any amount* about to be paid in *release or in judgment* by such third person * * * the employer or his insurance carrier shall be entitled to receive from such third person or his insurance carrier so much thereof as may be due the employer or insurance carrier pursuant to subparagraph (b) or (c) of this section." [Emphasis supplied]

If, therefore, *Houlihan* can be read to hold that less than all of a third-party recovery is available for reimbursement for "medical expenses incurred and compensation payments theretofore paid", it is in error.

In *Schmidt, supra,* reimbursement was sought out of a settlement of a suit for damages arising out of a malpractice claim against a physician for negligent treatment of a compensable injury. The recovery for medical malpractice was for injury subsequent to and independent of the injury for which compensation was awarded. Hence, the court held that the employer could not be reimbursed from this fund because *N. J. S. A.* 34:15-40 becomes operative only where the third party is liable for the same injury for which the employer is liable under the Act.

In *Roberts, supra,* an employee was awarded compensation for an occupational disease. Out of a judgment against the

third-party tort-feasor who caused the injury which gave rise to the employer's liability, the compensation insurer was allowed reimbursement for payments which it had made and credit against all future payments. Although the reimbursement and credit allowance fully satisfied the employee's compensation allowance, they did not exhaust the recovery against the tort-feasor. Subsequent to the employee's death, his widow was allowed a dependency claim for herself and three children. The employer asserted that it was completely and fully discharged from any liability because the remainder of the third-party recovery exceeded the amount which could legally be awarded the widow and children and hence should be credited against the dependency allowance under *N. J. S. A.* 34:15–40. The court rationalized that as the widow and children had no legal rights in the fund created by the employee's third-party action, the employer had no right to be subrogated to this fund for reimbursement for dependency payments due them. Subrogation to the employee's judgment was limited in its application to compensation paid or due the employee personally.

In none of these cases was the holding of the court bottomed upon the thesis that an employer's right to reimbursement was limited to the extent that the injury or damage for which he is liable under the Compensation Act, is identical with the injury or damage for which a third-party tort-feasor is liable to the employee. To the contrary, reimbursement for compensation payments has been continuously allowed by the Department of Labor and Industry out of the entire third-party judgment or settlement without such a limitation. This construction of the statute by the department is entitled to great weight. *Borough of Matawan v. Monmouth Cty. Tax Bd.,* 51 *N. J.* 291 (1968); *Ferrante Equipment Co. v. Foley Machinery Co.,* 49 *N. J.* 432 (1967); *State v. Le Vien,* 44 *N. J.* 323 (1965); *Pringle v. New Jersey Dept. of Civil Service,* 45 *N. J.* 329 (1965).

If the Fund is limited as above suggested by petitioner, it would also follow that prior to the enactment of *L.* 1923,

*c.* 81, an employer paying compensation for the entire permanent injury including that arising from a pre-existing disability, see *Combination Rubber Mfg. Co. v. Obser,* 95 *N. J. L.* 43 (Sup. Ct. 1920), aff'd. o. b. 96 *N. J. L.* 544 (E. & A. 1921), must have been similarly limited. This conclusion would follow from the recognition that the Fund stands in the shoes of and succeeds to the benefits and obligations of the employer and his carrier. As properly expressed in the Appellate Division opinion in the instant matter, *L.* 1923, *c.* 81, did not confer "new or separate benefits upon the employee" but merely "shifted the burden of paying part of the compensation benefits * * * from the employer's carrier to a fund derived from all carriers." 106 *N. J. Super.,* at 415. However, that the employer or his carrier was not so limited is recognized by the Appellate Division which correctly stated, 106 *N. J. Super.,* at 416, that an employer prior to 1923 was "entitled to be reimbursed out of any third-party recovery for compensation already paid and to receive credit on account of all compensation thereafter to become due." The lack of logic in a holding that the employer and his carrier were not so limited but that the successor Fund is so limited, is highlighted by the anomalous result that would then follow, *i. e.,* a single carrier who alone insured an employer would be granted reimbursement but the Fund created and maintained by that and other carriers, would be denied reimbursement. To accede to petitioner's contention would be to impose a new liability upon the insurance carriers and to increase the total net recovery of the employee — a legislative purpose which cannot be read into *L.* 1923, *c.* 81.

If the Fund were here limited for reimbursement and credit, as suggested by petitioner, to so much of the recovery against a third party as represented payment for an identical damage or injury, the same rule must logically apply generally to every employer and carrier. Otherwise stated, the rule would be that reimbursement and credit can be had only for those identical items of damage or injury for which both

the employer and the third-party tort-feasor are liable. Were this so, the limitation would as well logically attach to a factual complex the converse of the present situation, *i. e.*, not only could the employer not be subrogated for payments made under workmen's compensation for injury or damages for which the employee had no right of recovery against a third-party tort-feasor who caused the injury but he would as well be barred from subrogation for any such item for which the employee could recover against the third-party tort-feasor but for which he could not and did not recover against the employer as workmen's compensation. As an example, in the event the employer were so limited, he could not be subrogated to that portion of a third-party recovery for pain and suffering, as no specific allowance is made therefor under the Compensation Act. There is no way to segregate an allowance for pain and suffering from other items which go to make up a general judgment against the tort-feasor. When a general judgment has been rendered, a sum cannot be allocated to each individual element which goes to make up the total amount of the judgment. It would then be impossible to determine how much of the judgment may be used for reimbursement or credit. Nor should the employer be bound by a statement of parties to an amicable settlement as to allocation of the individual sums which were represented in the total agreed settlement figure.

The prevailing rule in the United States "refuses to place an employee's third-party recovery outside the reach of the employer's lien on the ground that some or all of it was accounted for by damages for pain and suffering." (2 Larson, *Workmen's Compensation Law* § 74.35 (1969)). See *Bumbarger v. Bumbarger,* 190 *Pa. Super.* 571, 155 *A. 2d* 216 (Sup. Ct. Pa. 1959).

Therefore it must be concluded that employer and insurer reimbursement and credit under *N. J. S. A.* 34:15–40 is not limited to the compensable items for which there was also a third-party recovery. It is based on the total amount of the third-party recovery regardless of the com-

ponent elements. See *United States v. Hayes,* 254 *F. Supp.* 849 (W. D. Ky. 1966); *Cole v. Morris,* 409 *S. W.* 2d 668 (Mo. 1966). The Fund should be similarly entitled to reimbursement and credit.

 We hold, therefore, that the Fund is entitled to reimbursement out of the amount received by the employee from the third-party tort-feasor.

Reversed and the order of the Commissioner is reinstated.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance* — NONE.