125 N.J. Super. 558 (1973)
312 A.2d 507
JOHN BRUM, PETITIONER-APPELLANT,
v.
INTERNATIONAL TERMINAL OPERATING COMPANY, INC., SUBSIDIARY OF THE OGDEN CORPORATION, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Submitted October 24, 1973.
Decided November 30, 1973.
*559 Before Judges LYNCH, MEHLER and MICHELS.
Messrs. Seaman, Clark, Levine, Eger & Addy, attorneys for appellant (Mr. John M. Weber, of counsel).
Messrs. Lawrie, Jennings and Buggeln, attorneys for respondent (Mr. Leigh E. Buggeln, of counsel).
The opinion of the court was delivered by MEHLER, J.A.D.
Petitioner John Brum, while employed by respondent, sustained a compensable injury when an overhead door fell on his right foot. The fall caused compound fractures of the right great toe and of the 2nd, 3rd and 4th toes of the right foot with numerous jagged lacerations. He was taken to a hospital for emergency care and remained there for two days. After his hospitalization he came under the care of a physician. About a month later he was readmitted to the hospital with a diagnosis of gangrene of two of his toes. Shortly thereafter his large toe and part of another were amputated.
Early in 1970 on his claim petition the Division of Workmen's Compensation awarded petitioner $3,180.57 for temporary disability and $4,080 for partial permanent disability, consisting of 40% of the statutory right foot and 4% of partial total neuropsychiatric disability.
Petitioner and his wife brought an action against his physician for malpractice in the treatment of the injuries sustained in the accident. Late in 1971 that action was settled for $11,500. Thereafter petitioner filed a motion in the Division *560 of Workmen's Compensation to fix the amount of the workmen's compensation lien to which respondent might be entitled out of the $11,500. He alleged that respondent was not entitled to any reimbursement. Respondent, on the other hand, alleged that it was entitled to the full amount of its workmen's compensation payments, less counsel fees and the expenses of the action against the physician.
The judge of compensation compared the judgment in the workmen's compensation case and the answers to interrogatories furnished by petitioner in the medical malpractice action and concluded that petitioner in each instance sought compensation for the same injuries, as the judge said he was entitled to do. He concluded that petitioner's recovery in the workmen's compensation case encompassed the damages sustained as the result of the malpractice.
Although no physicians testified before the judge on the motion, he reached the conclusion, after a "consideration of the medical and factual proofs," that because of the serious and complex injury it was impossible to separate the elements involved. Citing and relying on Bello v. Comm'r, Dep't. of Labor and Industry, 56 N.J. 41 (1970), the judge held that respondent was entitled to reimbursement to the full extent of its workmen's compensation payments, less expenses of the third-party suit and counsel fees. Judgment was thereupon entered in favor of respondent, fixing its workmen's compensation lien in the sum of $6,515.80, which was based on total compensation payments including medical bills of $2,805.13, all aggregating the sum of $10,073.70, less one-third of this amount for petitioner's counsel fees and $200 costs in the third-party action. It is from this judgment that petitioner appeals.
Petitioner first contends that respondent is not entitled to any reimbursement. He relies on Schmidt v. Revolvator Co., 46 N.J. Super. 232 (Cty. Ct. 1957), wherein reimbursement was sought by an employer out of a settlement of a suit for damages arising out of a malpractice claim against a physician for negligent treatment of a compensable *561 injury. The recovery for medical malpractice was for injuries subsequent to and independent of the injury for which compensation was awarded. The court held that the employer could not be reimbursed from this fund because N.J.S.A. 34:15-10 becomes operative only where a third party is liable for the same injury for which the employer is liable under the Workmen's Compensation Act. The cited statute provides that where a third person is liable to an employee for an injury and the employee recovers from and is paid by the third person any sum in release or in judgment on account of his liability to the injured employee, the liability of the employer is reduced as provided in this section of the statute. See Bello, supra, 56 N.J. at 44. The concept of N.J.S.A. 34:15-40 preserves to an injured workman his right of action against a third-party tortfeasor for an injury caused by the latter, while at the same time it prevents a workman from recovering twice for the same industrial injury. Thus, if the employer has already paid to the employee compensation for an industrial injury and a third-party claim is successful for the same injury, the employer may be reimbursed for its expenditure. Schmidt, supra, at 46 N.J. 236. Hence, until it is determined whether and to what extent petitioner in the case before us received payment from the physician for an injury for which respondent is liable, it cannot be said that respondent is not entitled to any reimbursement from the settlement proceedings.
Petitioner next contends that even if respondent is entitled to reimbursement out of the settlement fund for the amount paid out by it as the result of the malpractice, the damage done by the malpractice can be separated from the injuries sustained in the accident. He argues that the proofs before the Division were not complete and that the judge of compensation was in error when he concluded that it was impossible to separate the elements involved. Petitioner urges that the cause should be remanded for a hearing to determine the amount of disability and expenses related *562 to the medical malpractice. We agree. See 2 Larson, Workmen's Compensation Law, § 72.65(a).
Bello is not to the contrary. It held that the Two Percent Fund, which is the equivalent of an employer, was by virtue of N.J.S.A. 34:15-40 entitled to reimbursement and credit out of a third-party recovery for an injury which gave rise to the workmen's compensation liability, and that such reimbursement and credit were not limited to compensable items and could be based on the total amount of the recovery, regardless of its component elements. It held, as we do here, that the reimbursement and credit can come out of the entire fund. We limit reimbursement, however, in this case to the amount of disability and expenses paid by respondent for the injury caused by the medical malpractice.
It cannot be gainsaid that respondent was liable to petitioner for his initial injuries. Just as it would be improper to permit a workman to recover twice for the same injury, so would it be inequitable for the employer to avoid liability, at its employee's expense, for an injury for which it is unquestionably responsible under the Workmen's Compensation Act. Our determination obviates such an inequity.
The judgment below is reversed and the cause is remanded to the Division of Workmen's Compensation to take proofs so as to enable the Division to ascertain and determine what part of the award for compensation was for the injury caused by the physician and to allow the employer a credit in that amount, less fees and expenses. Cf. Schmidt, supra, at 237.