211 N.J. Super. 520 (1986)
511 A.2d 1304
JOHNS-MANVILLE PRODUCTS CORP., PLAINTIFF,
v.
CLYDE DRONEBARGER AND ERNEST RUSSO, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided April 11, 1986.
*522 Richard H. Thiele for plaintiff (Thiele & Hermes, attorneys).
Robert J. Kelly for defendant Ernest Russo (Tompkins, McGuire & Wachenfeld, attorneys).
Henry M. Spritzer for defendant Clyde Dronebarger (Robert M. Adochio, attorney).
ARNOLD, J.S.C.
The issue presented by these motions is whether an employer who has paid worker's compensation benefits to a covered employee is entitled to a lien under N.J.S.A. 34:15-40 in an action by the employee against an attorney for failing to prosecute a third-party claim. This question has not yet been decided in any reported decision in this State.
In June 1979, Clyde Dronebarger was injured while employed by Johns-Manville when a scooter he was riding in the plant backed into a pile of shingles, crushing his right leg. Thereafter, Dronebarger retained attorney Ernest Russo regarding his claims for personal injuries suffered as a result of the scooter accident. Russo filed a worker's compensation claim petition on behalf of Dronebarger and successfully prosecuted his claim for total disability. Russo did not, however, file a third-party product-liability action against the scooter manufacturer *523 within the applicable statute of limitations. N.J.S.A. 2A:14-2.
On or about December 20, 1984, Dronebarger filed suit against Russo grounded in legal malpractice. That case is still pending. If successful, Dronebarger will recover damages equal to those he would have received in a third-party product-liability action against the manufacturer of the scooter. Lieberman v. Employers Ins. of Wausau, 84 N.J. 325, 342 (1980). The present action was filed by Johns-Manville on January 10, 1986 for a declaratory judgment that it is entitled to a lien pursuant to N.J.S.A. 34:15-40 on any recovery in the action between Dronebarger and Russo.
Russo has brought this motion for summary judgment pursuant to R. 4:46, or alternatively, to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to R. 4:6-2. Dronebarger has joined in Russo's application. Johns-Manville has cross-moved for summary judgment on its complaint arguing that it is entitled to a lien on the proceeds of the underlying lawsuit as a matter of law.
Because the applications do not rely upon facts beyond the pleadings, defendants' motion is properly treated as a motion to dismiss for failure to state a claim upon which relief can be granted. R. 4:6-2(e). See Slohoda v. United Parcel Serv., Inc., 193 N.J. Super. 586, 589 (App.Div. 1984); Raskulinecz v. Raskulinecz, 141 N.J. Super. 148, 154 (Law Div. 1976). This court views the matter as solely one of statutory construction, and as such, ripe for summary determination as a matter of law. 82 C.J.S., Statutes, § 312 at 530.
N.J.S.A. 34:15-40 preserves an injured employee's right of action against a third person who is liable for his injuries as the act was not intended to extend immunity to strangers to the employer-employee relationship. 2A Larson, Workmen's Compensation Law (1983), § 71.00. That section also gives the employer a statutory right of reimbursement, embodying the *524 basic concept that the ultimate loss should fall upon the wrongdoer. Id. at § 71.10.
The Workmen's Compensation Act, as enacted in 1911, did not provide for the employer's recovery from the third person alleged to be responsible for the injuries sustained. Thus, an injured employee was in some instances permitted a double recovery. However, the Legislature amended the act in 1913 to provide the employer this right and to prevent the inequity of double recovery. See Newark Paving Co. v. Klotz, 85 N.J.L. 432 (1914), aff'd 86 N.J.L. 690 (E. & A. 1914).
One of the express purposes of N.J.S.A. 34:15-40 is to avoid double recovery. See, e.g., Schweizer v. Elox Division of Colt Industries, 70 N.J. 280 (1976). See generally 2A Larson, supra at § 71.20. Plaintiff argues that to deny its lien would be contrary to this express purpose, especially in a legal malpractice action where, as here, damages would include compensation for the injury arising out of the course of the worker's employment.
Plaintiff also urges this court to follow the reasoning of Camp v. Lockheed Electronics, 178 N.J. Super. 535 (App.Div. 1981), certif. den. 87 N.J. 415 (1981), and Brum v. International Terminal Operating Co., 125 N.J. Super. 558 (App.Div. 1973) where the employer was allowed discovery in a third-party medical-malpractice action. In Brum, the court allowed the employer recovery to the extent it had compensated the employee for the injury caused by the physician. 125 N.J. Super. at 562
Defendants counter that a literal reading of N.J.S.A. 34:15-40 permits a lien only against a recovery obtained from a third person liable for injury or death, that Russo is not such a person, and that there is no authority to extend the right to a lien to a recovery from an employee's attorney for malpractice. Defendants further argue that under N.J.S.A. 34:15-40(f), the employer had an independent statutory right to bring suit *525 against Russo but failed to do so and is therefore barred from recovery.
Both positions have substantial merit. This court has been able to discern only three reported decisions to provide any guidance: Fink v. Dimick, 179 F. Supp. 354 (D.Conn. 1959); Travelers Insurance Co. v. Breese, 138 Ariz. 508, 675 P.2d 1327 (Ct.App. 1983); and Mt. Pleasant Special School Dist. v. Gebhart, 378 A.2d 146 (Del.Chan. 1977). In those cases, the courts held that the statutory lien under the Worker's Compensation Act did not extend to damages recovered by an employee from an attorney for failure to prosecute a third-party action despite the fact that the employee would be permitted a double recovery. As noted by Professor Larson,
[n]ow and then a peculiar combination of facts will occur producing a double recovery that is allowed to stand. Thus, double recovery has survived when reimbursement was blocked by sovereign immunity, by a conflict of interest of the carrier, and by the transmuting of the claimant's third party recovery into one for legal malpractice. [2A Larson, supra at § 71.21].
However, this court is unpersuaded by the reasoning in those cases because it relies heavily on a literal reading of the relevant statutes.
While this court is bound by the rules of statutory construction set forth in N.J.S.A. 1:1-1, it is also this court's duty to ascertain the intent of the Legislature and to determine what sensible legislators would wish that a court should do. N.J. Turnpike Employees v. N.J. Turnpike Auth., 200 N.J. Super. 48, 53 (App.Div. 1985). In making this determination it is important to remember that "often the surest path to misconstruction is a literal reading of a statute." Henry v. Shopper's World, 200 N.J. Super. 14, 18 (App.Div. 1985).
When N.J.S.A. 34:15-40 was enacted in 1913, lawsuits for legal malpractice were rare and the Legislature could not have contemplated the present situation. Thus, the introductory language of N.J.S.A. 34:15-40 permitting recovery against a third person liable for "injury or death" is not controlling, although literally an attorney liable for malpractice cannot be *526 considered such a person liable for injury or death. What is significant is that N.J.S.A. 34:15-40 reflects a very strong legislative determination that injured workers are not entitled to double recovery. Considering that legislative determination in light of the current insurance crisis in this country, see Hunter & Borzilleri, "The Liability Insurance Crisis," TRIAL (April 1986) at 43, this court finds that sensible legislators would wish to bar double recovery in the present circumstances. The equities run overwhelmingly in favor of permitting the employer's lien. The employee will recover those losses he would have recovered if the third-party action had been timely brought, and the employer will be reimbursed to the extent of any third-party recovery.
Accordingly, defendants' motion to dismiss is denied and plaintiff's cross-motion for summary judgment is granted.