[No. 13872–3–I. Division One. April 14, 1986.]

CAROL MAE MARTIN, *Respondent,* v. NORTHWEST
WASHINGTON LEGAL SERVICES,
ET AL, *Appellants.*

*Anderson, Hunter, Dewell, Baker & Collins* and *William W. Baker,* for appellants.

*Donald W. Carter,* for respondent.

SWANSON, J.—Evergreen Legal Services (Evergreen), as the successor organization to Northwest Washington Legal Services (Northwest), appeals from a judgment entered against it in favor of Carol Martin on a legal malpractice claim. Martin has cross–appealed.[1] We affirm in part and reverse in part.

Carol Martin came to Northwest in 1974 seeking assistance in obtaining a dissolution of her marriage to Larry Martin. Larry was then on active duty with the United States Air Force and had completed over 20 years of service. Northwest was aware that Larry was a member of the armed forces. Northwest did not advise Carol Martin of any rights she may have had in her husband's pension and did not seek a division of that pension in the dissolution action.

In 1980, Martin became aware that she might have been entitled to a portion of her husband's military pension. In March of 1981, she filed a petition seeking division of the pension on the ground that it had become an undivided community asset at the time of her dissolution. While this action was pending, the United States Supreme Court held in *McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981) that a military pension was not a community asset which could be divided by the court. Martin's petition was thereafter dismissed.

In March of 1982, Martin filed a complaint for legal mal-

---

[1]After an appeal to the Supreme Court, the cause was transferred to this court for resolution of the issues pursuant to RCW 2.06.030.

practice. In October, Congress enacted the Uniform Services Former Spouses Protection Act (USFSPA). The act effectively overruled *McCarty*. Martin's claim was tried in 1983. The trial court determined that her claim was not barred by the statute of limitations, that Northwest was negligent in failing to seek a division of Larry Martin's military retired pay, that Northwest's negligence proximately caused damage to Carol Martin and that the amount of damages was $53,202.07.

Four issues are raised:

1. Whether Carol Martin's action is barred by the statute of limitations?

2. Whether Northwest was negligent as a matter of law in failing to seek a division of Larry Martin's military pension in 1974?

3. Whether Northwest's negligence was a proximate cause of injury to Carol Martin?

4. Whether calculation of the damages is correct?

STATUTE OF LIMITATIONS

Northwest represented Carol Martin in 1974. Her malpractice action was filed in 1982. The statute of limitations for legal malpractice claims is 3 years. Northwest concedes that the discovery rule applies to legal malpractice cases but disputes the trial court's application of the rule to the facts of this case.

However, Northwest has not assigned error to the findings of fact and conclusions of law that deal with this issue. An unchallenged finding of fact is a verity on appeal, *Painting & Decorating Contractors of Am., Inc. v. Ellensburg Sch. Dist.*, 96 Wn.2d 806, 638 P.2d 1220 (1982), and an unchallenged conclusion of law will not be considered. *Bank of Wash. v. Burgraff*, 38 Wn. App. 492, 687 P.2d 236 (1984). The court found that Martin's action was commenced within 3 years of the date that she discovered or should have discovered that Northwest was negligent (finding of fact 2.8) and determined that the action was not barred by the statute of limitations (conclusion of law 3.5).

We will therefore not consider the statute of limitations issue.

## NEGLIGENCE

Northwest maintains that it was not negligent in failing to seek a division of the pension. Northwest relies on *McCarty v. McCarty, supra,* and suggests that the rationale of *McCarty* was equally applicable in 1974. Northwest argues that if it had urged the court to divide the pension in 1974, it would have been asking the court to commit an error of law. *See In re Marriage of Brown,* 98 Wn.2d 46, 653 P.2d 602 (1982). Northwest concludes that the failure to urge the court to commit an error of law cannot be negligence even if the question presented was not settled until sometime thereafter.

■ In order to prevail in a legal malpractice action a plaintiff must show:

(a) the existence of an attorney–client relationship; (b) the existence of a duty on the part of the lawyer; (c) failure to perform the duty; and (d) the negligence of the lawyer must have been a proximate cause of the damage to the client.

*Sherry v. Diercks,* 29 Wn. App. 433, 437, 628 P.2d 1336 (1981).

The standard of care to be exercised and the scope of the attorney's duty to the client are determined at the time the services are rendered rather than at the time of trial. *Walker v. Bangs,* 92 Wn.2d 854, 601 P.2d 1279 (1979); *Hansen v. Wightman,* 14 Wn. App. 78, 538 P.2d 1238 (1975); *Smith v. Lewis,* 13 Cal. 3d 349, 530 P.2d 589, 118 Cal. Rptr. 621, 78 A.L.R.3d 231 (1975).

The law in Washington in 1974 was that military pensions were community property to the extent they were earned during the marriage and were amenable to division by the trial court in much the same manner as any other property. *Payne v. Payne,* 82 Wn.2d 573, 512 P.2d 736 (1973).

It is undisputed that Northwest was aware that Larry

Martin was a serviceman at the time the dissolution was commenced. It is also undisputed that the issue of a pension was never discussed with Carol Martin or presented to the court. Carol established by affidavits and testimony that the duty of an attorney in a dissolution case in 1974 would have included the duty to inquire about, discuss, and seek a division of a military pension, particularly when the attorney was on notice that one of the parties was a member of the armed services. It is undisputed that Northwest failed to fulfill this duty. The determination that Northwest was negligent is therefore correct.

### PROXIMATE CAUSE

Northwest argues that even if it was negligent, its negligence was not the proximate cause of Martin's damage because the undivided community portion of the pension became the property of Larry and Carol as tenants in common when it was not divided by the trial court in 1974. Northwest reasons that when Carol thereafter requested a division but lost because of *McCarty*, *McCarty* became an intervening, superseding, or proximate cause of Carol's damages. Finally, Northwest argues that because Carol has failed to seek relief under the USFSPA, she has caused or aggravated her own damages.

The plaintiff in a legal malpractice action sustains her burden of proving causation if she proves that she would have prevailed or achieved a better result if her attorney had performed competently. *Sherry v. Diercks, supra.*

The court determined that omission of any reference to the pension at the time of the dissolution was the direct reason why some award of the pension was not made to Martin. It further determined that if the court hearing the dissolution case had been informed of the pension, it would have been highly probable that an award would have been made. The court concluded that *McCarty*, Carol Martin's attempted partition, and the failure to seek relief under the USFSPA were not factors that superseded Northwest's

negligence or relieved it of liability.

We reject the use of *McCarty* as a bar to this legal malpractice action. *See Aloy v. Mash,* 38 Cal. 3d 413, 696 P.2d 656, 212 Cal. Rptr. 162 (1985). We hold that *McCarty* neither relieves Northwest of negligence nor is a superseding or intervening cause breaking Northwest's responsibility for Martin's damages. Even though *McCarty* changed the law relating to division of military pensions, Larry Martin would not have been able to rely on it to obtain modification of a 1974 decree awarding a part of the pension to Carol. *In re Marriage of Brown, supra. McCarty* was not a cause of the damages suffered by Martin in 1974.

■ We hold similarly that Martin's failure to seek relief under the USFSPA does not supersede Northwest's negligence. We are aware that the USFSPA will be applied retroactively to dissolution decrees filed after *McCarty* but prior to enactment of the act. *In re Marriage of MacDonald,* 104 Wn.2d 745, 709 P.2d 1196 (1985); *In re Marriage of Flannagan,* 42 Wn. App. 214, 709 P.2d 1247 (1985); *In re Marriage of Giroux,* 41 Wn. App. 315, 704 P.2d 160 (1985). This is not an appeal from a dissolution but a legal malpractice action. The dissolution occurred in 1974, not between *McCarty* and the USFSPA. We express no opinion as to whether Carol might be successful in attempting to reopen her partition action. If anything, subsequent developments in the law might possibly now provide some avenue by which the harm caused could conceivably be alleviated. These developments do not rise to the level of a superseding cause. There is substantial evidence in the record to support the findings relating to proximate cause and they in turn support the court's conclusions of law. We will not disturb them on appeal. *Penberthy Electromelt Int'l, Inc. v. United States Gypsum Co.,* 38 Wn. App. 514, 686 P.2d 1138 (1984).

Northwest also argues that Martin's failure to seek relief under USFSPA constitutes a failure to mitigate her damages. The trial court determined that such a course of action would have been speculative and uncertain at best

and would not be required of Martin as a condition of her recovery in this action. We agree.

█ The duty to mitigate is not absolute but consists of what is reasonable under the circumstances. The burden of proof is on the party alleging that mitigation should have occurred to show its efficacy. *Sutton v. Shufelberger,* 31 Wn. App. 579, 643 P.2d 920 (1982). Here, Martin brought an action to partition the pension but was unsuccessful because of the effect of *McCarty.* She has not since sought relief under the provisions of the USFSPA. In essence, the trial court's decision on this issue amounts to a finding that Carol's efforts at mitigation have been "reasonable" and that Northwest failed to carry its burden of showing that additional efforts at mitigation should have been made. This determination is supported by substantial evidence and will not be disturbed on appeal.

Northwest also suggests that Martin's award should have been reduced by application of comparative negligence principles. There is no evidence that Martin knew or should have known that her husband's pension was divisible at the time of the dissolution or during any period prior to the time she consulted an attorney in 1980. There is thus no evidence of negligence on her part and no place for application of comparative negligence principles.

## DAMAGES

The final matter we consider is calculation of the damages award. The court awarded Carol damages equal to 26 percent of the 1974 present value of the military pension together with reasonable interest accrued thereon at 7 percent per annum simple interest to the date of trial. Both parties challenge this method of calculation for different reasons.

Martin's economist testified that the present value of the pension in 1974 was $108,277. He calculated that Larry Martin would have actually received $60,589 in pension payments through March of 1983 and that the 1983 present value of Larry Martin's future pension payments was

$196,987. Another economist testified to a slightly different but generally consistent value. Both economists agreed that the best method of computing Carol Martin's loss would be to award her a share of the amount actually received by Larry Martin between 1974 and 1983 together with a share of the present value of the future stream of income which Larry was expected to receive.

The court concluded that Martin was entitled to 26 percent of the value of Larry's pension. Neither party challenges this figure and we will therefore not disturb it on appeal. The court applied this figure to the 1974 value of Larry's pension and then allowed interest at the rate of 7 percent for the period between 1974 and 1983.

 The proper amount of damages to be awarded to one who suffers a loss because of an attorney's negligence is the value of the claim or the benefit lost. *Schirmer v. Nethercutt,* 157 Wash. 172, 288 P. 265 (1930). The calculation of the damages in an attorney malpractice case involving the loss of rights to a pension has not previously been addressed in Washington.

We hold that the measure of damages should be calculated by awarding the damaged party a percentage of the pension payments actually credited by the time of trial together with a like percentage of the present value of the future stream of payments expected. This amount will most nearly compensate a party for the value of the claim or benefit lost. *See Gorman v. Gorman,* 90 Cal. App. 3d 454, 153 Cal. Rptr. 479 (1979).

The trial court chose to accept the testimony of Robert Moss, the economist employed by Martin to establish the value of the pension. Applying the measure of damages set forth in this opinion, we direct that Martin be awarded damages in an amount equal to 26 percent of the amounts Larry would actually have been entitled to receive through the time of trial plus 26 percent of the present value at the time of trial of his future pension payments. We calculate this amount to be $66,969.76.

In view of our decision, we do not address the arguments

of the parties concerning interest on the amount awarded or increases in the base amount on which Martin's percentage is to be applied. The decision of the trial court is affirmed in all respects except as indicated herein.

Remanded for entry of judgment in favor of Carol Martin in the amount of $66,969.76.

SCHOLFIELD, C.J., and WILLIAMS, J., concur.

Reconsideration denied August 7, 1986.