[No. 23745-4-I.   Division One.   March 26, 1990.]

TIMOTHY O'ROURKE, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Thornton Wilson, Assistant,* for appellant.

*Patrick H. LePley,* for respondent.

SCHOLFIELD, J.—The State of Washington Department of Labor and Industries (the Department) appeals the trial court's reversal of the Board of Industrial Insurance Appeals' decision requiring Timothy O'Rourke to reimburse the Department for benefits paid to him because he received a recovery from his employer's UIM policy. We reverse.

## FACTS

On July 17, 1984, O'Rourke was injured while driving his employer's vehicle in the course of his employment with Hi Line Furniture Company. The negligent third party who caused O'Rourke's injuries was uninsured. O'Rourke was eligible for workers' compensation benefits, and these were paid to him under claim J–449364.

The vehicle driven by O'Rourke was insured by American Alliance Insurance Company. The premiums were paid by O'Rourke's employer. The policy contained an endorsement for underinsured motorist (UIM) coverage, and O'Rourke was eligible for benefits under the endorsement. O'Rourke settled with the insurance company on or about September 16, 1987.

The Department paid O'Rourke $24,266.83 in benefits. His settlement from the insurance company was $155,000. Issuing its order dated September 29, 1987, requesting reimbursement, the Department asserted a lien in the amount of $15,227.19. This amount apparently represented the amount of workers' compensation benefits paid, less the Department's portion of O'Rourke's attorney's fees and expenses. Additionally, the Department ordered that no further workers' compensation benefits would be paid to O'Rourke until his excess recovery of $48,689.89 had been expended. The parties stipulated that if O'Rourke was required to reimburse the Department, these calculations

were correct. An appeal to the Hearings Review Judge resulted in an order affirming the initial order.

However, O'Rourke sought further review by appealing to the Board of Industrial Insurance Appeals. The Board denied his petition for review. O'Rourke then filed a notice of appeal with the Superior Court for King County. He then moved for summary judgment. The trial court granted O'Rourke's motion for summary judgment and reversed the Board's decision as being erroneous as a matter of law.

The Department timely filed its notice of appeal with this court.

APPLICATION OF 1986 AMENDMENTS

RCW 51.24 deals with the relationship between industrial insurance benefits and actions at law for injuries incurred. The current version of RCW 51.24.030, including certain 1986 amendments, states as follows:

**Action against third person—Election by injured person or beneficiary authorized—Statutory interest in recovery—"Injury" defined—Applicability of chapter to underinsured motorist insurance coverage.** (1) If a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to seek damages from the third person.

(2) In every action brought under this section, the plaintiff shall give notice to the department or self–insurer when the action is filed. The department or self–insurer may file a notice of statutory interest in recovery. When such notice has been filed by the department or self–insurer, the parties shall thereafter serve copies of all notices, motions, pleadings, and other process on the department or self–insurer. The department or self–insurer may then intervene as a party in the action to protect its statutory interest in recovery.

(3) For the purposes of this chapter, "injury" shall include any physical or mental condition, disease, ailment or loss, including death, for which compensation and benefits are paid or payable under this title.

(4) Damages recoverable by a worker or beneficiary pursuant to the underinsured motorist coverage of an insurance policy shall be subject to this chapter only if the owner of the policy is the employer of the injured worker.

Former RCW 51.24.030 read significantly differently prior to the 1986 amendments:

(1) If an injury to a worker for which benefits and compensation are provided under this title is due to the negligence or wrong of a third person not in the same employ, the injured worker or beneficiary may elect to seek damages from the third person.

(2) For the purposes of this chapter, "injury" shall include any physical or mental condition, disease, ailment or loss, including death, for which compensation and benefits are paid or payable under this title.

RCW 51.24.060 sets forth the Department's right to a lien against a recovery from an action against a third person. The statute states in pertinent part:

**Action against a third person—Distribution of award or settlement recovered by injured worker or beneficiary—Lien—Adjustment of experience rating—Enforcement.** (1) If the injured worker or beneficiary elects to seek damages from the third person, any recovery made shall be distributed as follows:

(a) The costs and reasonable attorneys' fees shall be paid proportionately by the injured worker or beneficiary and the department and/or self–insurer;

(b) The injured worker or beneficiary shall be paid twenty–five percent of the balance of the award: *Provided,* That in the event of a compromise and settlement by the parties, the injured worker or beneficiary may agree to a sum less than twenty–five percent;

(c) The department and/or self–insurer shall be paid the balance of the recovery made, but only to the extent necessary to reimburse the department and/or self–insurer for compensation and benefits paid;

. . . .

(d) Any remaining balance shall be paid to the injured worker or beneficiary;

. . . .

(2) The recovery made shall be subject to a lien by the department and/or self–insurer for its share under this section.

. . . .

(4) In the case of an employer not qualifying as a self–insurer, the department shall make a retroactive adjustment to such employer's experience rating in which the third party claim has been included to reflect that portion of the award or settlement which is reimbursed for compensation and benefits paid and, if the claim is open at the time of recovery, applied

against further compensation and benefits to which the injured worker or beneficiary may be entitled.

. . . .

(6) It shall be the duty of the person to whom any recovery is paid before distribution under this section to advise the department or self–insurer of the fact and amount of such recovery, the costs and reasonable attorneys' fees associated with the recovery, and to distribute the recovery in compliance with this section.

The trial court's order, in its summary judgment posture, gave no findings and conclusions. Neither did the order set forth any reasoning for its decision. However, O'Rourke asserts that the basis for the trial court's decision below was that the court determined that O'Rourke's recovery was governed by the pre–1986 law, and that the law did not grant the Department its statutory lien on recoveries such as his.

■ Legislative enactments are presumed to have prospective application only, and will not be applied retroactively, unless the legislative intent to apply them retrospectively is clearly expressed. *Puyallup v. Pacific Northwest Bell Tel. Co.*, 98 Wn.2d 443, 656 P.2d 1035 (1982). With respect to amendatory legislation, it is generally held that provisions added by amendment, affecting substantive rights, will also only be applied prospectively, unless the Legislature expresses a contrary intent.

■ O'Rourke contends, without supporting authority, that prospective application of the amendments to RCW 51.24.030 means applying them to individuals who are injured after the effective date of the statute. We disagree. We hold that the relevant date for application of the statutory scheme before us is the date of recovery of the UIM settlement. There was no fund in existence to which RCW 51.24.030(4) could be applied until after the 1986 amendments became effective. Although it is true that O'Rourke's injuries triggered his involvement with the Department in the first place, in many respects his injury date is irrelevant to the remedy provided by RCW 51.24.030(4). RCW 51.24-.060(2) states that the Department is entitled to a lien *for*

*any recovery made.* Such a lien cannot attach prior to the recovery occurring. Even though RCW 51.24.030(2) permits the Department to file a notice of statutory interest in any recovery, the lien itself certainly cannot attach before the recovery is received. If the claimant receives no recovery, the Department has no right to enforce a lien on other assets of the claimant.

In support of its argument, the Department argues that an injured worker's interest in a UIM recovery is not a vested right, precluding the amendment's application to pending cases. In *Godfrey v. State,* 84 Wn.2d 959, 963, 530 P.2d 630 (1975), the Washington Supreme Court set forth the definition of a vested right:

> A vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an antic-ipated continuance of the existing law; *it must have become a title,* legal or equitable, *to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another.*

It is obvious that O'Rourke's interest in receiving the total UIM settlement, without being required to reimburse the Department, was a mere expectation until he actually received the recovery. No vested rights are involved. Applying the 1986 amendments to his case is consonant with the rule concerning prospective application of an amendment.

O'Rourke argues that his recovery is not a tort claim, but rather a contractual right. However, the underlying basis to trigger his contract claim is the commission of a tort. Secondly, the amendments to RCW 51.24.030 specifically concern third parties who become liable to pay damages. The statute does not limit the definition of "third party" to tortfeasors.

## EQUAL PROTECTION

O'Rourke argues that the amended statute discriminates against those injured workers whose employers have paid for the UIM policy, because they are required to reimburse the Department, while others who recover from a policy

paid by someone other than their employer need not reimburse the Department. A classification only offends the equal protection clause of the Fourteenth Amendment if the classification is wholly irrelevant to the State's objectives. *Chicago Bridge & Iron Co. v. Department of Labor & Indus.,* 46 Wn. App. 252, 731 P. 2d 1 (1986), *review denied,* 107 Wn.2d 1032, *cert. denied,* 484 U.S. 823 (1987). Classifications cannot be "'manifestly arbitrary, unreasonable, inequitable, and unjust'". *Johnson v. Tradewell Stores, Inc.,* 95 Wn.2d 739, 744, 630 P.2d 441 (1981) (quoting *State ex rel. O'Brien v. Towne,* 64 Wn.2d 581, 583, 392 P.2d 818 (1964)).

Because the facts before us do not warrant heightened scrutiny,[1] the rational basis test applies. The appropriate inquiry under these circumstances is as follows:

> whether (1) the classification applies alike to all members within the designated class; (2) some basis in reality exists for reasonably distinguishing between those within and without the designated class; and (3) the challenged classifications have any rational relation to the purposes of the challenged statute.

*Chicago Bridge,* at 256–57. The class to which RCW 51.24-.030(4) applies consists of those claimants who receive a settlement from their employer's UIM policy. All of those individuals are required to reimburse the Department, thus satisfying the first element. O'Rourke argues that the class consists of those individuals who did not pay for the UIM coverage they receive, and argues that members of that class are not treated equally. This argument is specious because O'Rourke tries to create a classification including both those within and those outside the statute. A classification must treat those within the class (covered by the statute) differently from those outside the class, or it would not be a classification.

There is clearly some basis in reality for the classification. As the Department argues, when a worker makes a recovery and reimburses the Department pursuant to RCW 51.24.060(4), the employer's industrial insurance account is

---

[1]Such scrutiny is reserved for suspect or protected classes.

credited. If the employer is paying premiums on a UIM policy, it should enjoy the benefit of an adjusted experience rating because of the recovery. If the employer is not paying the premiums for the UIM coverage, there is no reason why it should necessarily benefit from someone else's UIM policy.

Finally, the amendments do have a rational relationship to the purposes of the industrial insurance statutes. RCW 51.24 has two basic purposes. The chapter was enacted to shift the cost of worker claims away from the industrial insurance funds to responsible third parties under appropriate circumstances. In addition, the chapter allows injured workers to obtain a more complete recovery for their damages. *Bankhead v. Aztec Constr. Co.*, 48 Wn. App. 102, 737 P.2d 1291 (1987). It is obvious that RCW 51.24-.030(4) is consistent with the first purpose. As to the second purpose, as noted above, the Legislature apparently determined that, in balancing the competing interests of the employer and the employee, it was fair to require reimbursement for recovery from employer–paid UIM policies, but not necessarily for UIM recoveries paid for by others. As such, this is a reasonable balancing of competing interests. We hold that RCW 51.24.030(4) does not violate equal protection.

The judgment of the trial court is reversed, and this case is remanded for the entry of a trial court order reinstating the Board's decision.

FORREST, J., and THIBODEAU, J. Pro Tem., concur.

Review denied at 115 Wn.2d 1002 (1990).