[No. 12884–5–II.   Division Two.   September 24, 1990.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant,* v.
JILL COBB, *Respondent.*

*Kenneth O. Eikenberry, Attorney General,* and *Jeffrey E. Boyer, Assistant,* for appellant.

*John P. Murphy* and *Counsell, Murphy & Bottiger, P.S.,* for respondent.

FARIS, J.*—The undisputed facts show that on May 18, 1981, Jill Cobb was injured while driving her employer's motor vehicle when she was struck by a vehicle driven by Debbie Lehr. Cobb received workers' compensation benefits, and also elected to pursue a claim against Lehr and her husband. Cobb settled with the Lehrs for their policy limit of $25,000, of which the Department of Labor and Industries (Department) received a share.

Both Cobb and her employer carried underinsured motorist (UIM) protection. The employer's policy was determined to be the primary policy, so Cobb proceeded against that policy and recovered an additional $32,500. The Department had paid benefits exceeding $30,000, so it claimed against the UIM recovery, asserting that the recovery was a third person recovery within the meaning of RCW 51.24.[1] Cobb appealed the Department order and the

---

*This appeal was heard by a Court of Appeals Judge, together with a retired Supreme Court Justice and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division Two.

[1]The injured worker's recovery is generally restricted to workers' compensation benefits by RCW 51.04.010 and 51.32.010. RCW 51.04.010 provides in pertinent part as follows:

all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, . . . is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

Board of Industrial Insurance Appeals reversed, holding that the recovery under the UIM coverage was not a third person recovery within the meaning of RCW 51.24. The Superior Court affirmed the Board's decision.

■ This case presents the following question: Does the Department have a right to reimbursement under RCW 51.24.030 and .060 when a claimant who has received workers' compensation benefits also recovers through her employer's underinsured motorist coverage? This is a question of law, which we review de novo. *Hoffer v. State,* 110 Wn.2d 415, 420, 755 P.2d 781 (1988), *aff'd on rehearing,* 113 Wn.2d 148, 776 P.2d 963 (1989).

The presumption on appeal that the Board's decision is correct does not apply when only a question of law is presented. *St. Paul & Tacoma Lumber Co. v. Department of Labor & Indus.,* 19 Wn.2d 639, 641, 144 P.2d 250 (1943). In any event, we are advised that the Board has taken the opposite view on a more recent case with equivalent facts.

■■ RCW 51.24.060, as it existed at the time of the accident, gave the Department a right to reimbursement from the proceeds of an action against a *third person.* Words of a statute must be accorded their usual and ordinary meaning unless otherwise defined. *Davis v. Department of Empl. Sec.,* 108 Wn.2d 272, 277, 737 P.2d 1262 (1987). If the language is clear, judicial construction is unnecessary. *Crown Cascade, Inc. v. O'Neal,* 100 Wn.2d 256, 262, 668 P.2d 585 (1983).

---

RCW 51.32.010 provides in pertinent part as follows:
> Each worker injured in the course of his or her employment, . . . shall receive compensation in accordance with this chapter, and, except as in this title otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever: . . ..

RCW 51.24.030 provides an exception to the general rule. At the time of the proceeding RCW 51.24.030 provided as follows:
> If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker or beneficiary may elect to seek damages from the third person.

RCW 51.24.060 provides for apportionment of the recovery from third persons. The moneys recovered are apportioned between the Department and the worker.

██ The recovery involved here is not the result of an action against a third person whose negligence caused the injury. It is the result of an action against an insurance company that had provided coverage for a person injured by a negligent third person who had insufficient liability insurance. This is an action based on contract, not on tort.

Although Cobb was required to show that she was "legally entitled to recover" from the underinsured motorist,[2] underinsured motorist coverage is best characterized as a contractual relationship between the insurer and the insured. *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 529, 707 P.2d 125 (1985). Where the tortfeasor's responsibility has already been established, an action directly against the insurer is appropriate. *See* 7 Am. Jur. 2d *Automobile Insurance* § 334 (1980). The weight of authority suggests that a direct action against the insurer is appropriate even where the other party's responsibility has not yet been established. *See* 7 Am. Jur. 2d *Automobile Insurance* § 334 (1980); Comment, *Washington's Underinsured Motorist Statute: Balancing the Interests of Insurers and Insureds*, 55 Wash. L. Rev. 819, 831 (1980); Annot., *Action for Uninsured Motorist Benefits*, 73 A.L.R.3d 632, § 8[a], at 649 (1976).

The Department urges that the Legislature did not define "third person" in RCW 51.24.030(1). However, the words of the statute as it existed in 1983 (the time of the recovery) read as follows:

> If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker or beneficiary may elect to seek damages from the third person.

The words equate third person with one whose negligence or wrong caused the injury. Thus, the Legislature implicitly defined third person. Any other decision requires that we reach the absurd conclusion that "third person" has two different meanings within one sentence.

---

[2]RCW 48.22.030(1).

We find *Johnson v. Fireman's Fund Ins. Co.,* 425 So. 2d 224 (La. 1982) unpersuasive because it involved a broader lien statute than that of this state. The statute in that case defined third person as a person legally liable to pay damages, which includes an insurance company contractually liable.

■ The parties advance one other argument: RCW 51.24.030 was amended in 1986 by adding the following language:

> Damages recoverable by a worker or beneficiary pursuant to the underinsured motorist coverage of an insurance policy shall be subject to this chapter only if the owner of the policy is the employer of the injured worker.

Laws of 1986, ch. 58, § 1, p. 189. The parties each rely upon the change in wording as support for their respective positions. Amendments to unambiguous statutes indicate a purpose to change the law, while amendments to unclear statutes indicate a purpose of clarification. *Overton v. Economic Assistance Auth.,* 96 Wn.2d 552, 557, 637 P.2d 652 (1981); *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal,* 39 Wn. App. 609, 615, 694 P.2d 697 (1985). Here the statute was clear, so the amendment was a change in the law regarding recoveries from employer–provided underinsured motorist coverage.

Judgment affirmed.

ALEXANDER, C.J., and WILLIAMS, J. Pro Tem., concur.

Reconsideration denied February 15, 1991.

Review denied at 116 Wn.2d 1031 (1991).