[No. 28123-2-I. Division One. January 11, 1993.]

JOSEPH F. TALLERDAY, ET AL, *Respondents*, v. WALLACE A. DELONG, ET AL, *Defendants*, THE STATE OF WASHINGTON, *Appellant.*

ROBERT L. UNDSDERFER, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

352

*Kenneth O. Eikenberry, Attorney General,* and *Beverly N. Goetz, Assistant,* for appellant Department of Labor and Industries.

*Ralph Maimon* and *Oseran, Hahn, Van Valin & Watts, P.S.,* for respondents.

SCHOLFIELD, J. — The Department of Labor and Industries (Department) appeals the trial court's decision on summary judgment that it had no right of reimbursement against the legal malpractice recoveries of respondents Tallerday and Undsderfer. We reverse.

The issue in this case is whether an injured worker's malpractice recovery against an attorney for negligence in pursuing a third party claim under RCW 51.24.030 is subject to the Department's reimbursement lien. The trial court ruled that respondent Joseph Tallerday's recovery against his attorney for malpractice did not result from a "third party action" within the purview of RCW 51.24, and thus the Department could not assert a lien against the recovery. The court's ruling concluded the Undsderfer case which raised the same issue. The parties have stipulated to the following facts:

1

Facts Regarding Undsderfer

On October 10, 1977, Undsderfer sustained an industrial injury when a vehicle he was riding in in the course of his employment was involved in an accident with James Odle, an employee of another company. The Department expended $18,955.55 on Undsderfer's behalf for time loss and other benefits.

Undsderfer retained a law firm to pursue a third party claim as permitted by RCW 51.24.030 and .060. The complaint as prepared by Undsderfer's counsel named only James Odle — not his employer Olympic Masonry — as defendant. An action against Olympic Masonry was not timely pursued, and the statute of limitations for the claim expired.

In June 1984, Undsderfer was awarded $84,000 in damages and $330.80 in costs in his action against Odle. Because Odle's assets were limited to an insurance policy with a limit of $30,000, Undsderfer accepted $30,330.80 in full satisfaction of Odle's liability. Undsderfer then brought a legal malpractice action against the law firm handling the case for him, claiming as damages the difference between the $84,330.80 awarded in the personal injury action and the $30,330.80 received from Odle.

Undsderfer's malpractice claim settled in July 1984 for the sum of $52,000. The Department then asserted a claim of lien on the settlement proceeds in the amount of $14,441.48. An industrial appeals judge ruled that Undsderfer's recovery was subject to the Department's reimbursement lien. Undsderfer's subsequent petition for review to the Board of Industrial Insurance Appeals (Board) was denied, and he appealed to superior court.

2

Facts Regarding Tallerday

On August 4, 1978, Tallerday sustained an industrial injury when a safety railing he was leaning against broke, causing him to fall. In October 1978, Tallerday retained an attorney to investigate and pursue any possible third party claims arising from the accident. However, the attorney concluded that Tallerday did not have a valid third party claim, and so informed Tallerday in February 1979. Tallerday then assigned his rights to any third party claim to the Department.

In 1983, Tallerday retained another attorney who, after investigating the factual and legal issues surrounding Tallerday's industrial accident, concluded that a valid third party claim could indeed have been pursued by Tallerday. In

October 1985, Tallerday filed an action against his former attorney for malpractice. The complaint was subsequently amended to name the State of Washington as an additional defendant, and a request was made for the court to determine whether the State, through the Department, held a statutory right to claim a lien on any settlement or judgment proceeds.

In July 1988, Tallerday settled his claim against his former attorney for $160,000. At that time, Tallerday had received approximately $137,132 in workers' compensation benefits. In August 1988, the Department issued an order distributing the third party recovery and asserting a right to reimbursement pursuant to RCW 51.24.060(1) for workers' compensation benefits in the amount of $16,556.20.

At superior court the parties agreed to consolidate Undsderfer's appeal from the Board with Tallerday's declaratory judgment action. Undsderfer and the Department agreed to be bound by the final decision in the Tallerday case. The trial court's entry of summary judgment in favor of Tallerday therefore concluded the Undsderfer case, and this consolidated appeal followed.

## STANDARD OF REVIEW

■ ■ In evaluating a summary judgment, this court makes the same inquiry as the trial court. *Touchet Vly. Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 119 Wn.2d 334, 341, 831 P.2d 724 (1992). A motion for summary judgment should be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Harris v. Harris*, 60 Wn. App. 389, 392, 804 P.2d 1277, *review denied*, 116 Wn.2d 1025 (1991). Given the uncontested facts of this case, the applicability of the Department's statutory right of reimbursement against respondents' malpractice recoveries is one of law, and is reviewed de novo.[1] *See DuVon v. Rockwell Int'l*, 116 Wn.2d 749, 753, 807 P.2d 876 (1991).

---

[1]While this case involves review of the trial court's summary judgment in Tallerday's declaratory judgment action, we recognize the Superior Court's ruling

RIGHT OF REIMBURSEMENT

The Department contends that Undsderfer and Tallerday had no right to maintain an action for malpractice except as permitted by the Industrial Insurance Act, RCW Title 51, which is the exclusive remedy for injured workers. The Department claims that the purpose of the third party chapter is to replenish the industrial insurance fund, and that every third party recovery is subject to its right of reimbursement under RCW 51.24.060. It contends that a 1986 amendment to RCW 51.24.030 clarified this right. Finally, the Department claims that workers are not entitled to double recovery, and that it has an equitable right to reimbursement.

■ The act provides the exclusive remedy for workers, along with their families and dependents, unintentionally injured during the course of their employment. *Clark v. Pacificorp*, 118 Wn.2d 167, 174, 822 P.2d 162 (1991); *Bankhead v. Aztec Constr. Co.*, 48 Wn. App. 102, 104, 737 P.2d 1291 (1987). A worker who receives workers' compensation benefits under the act has no separate remedy for his or her injuries except where the act specifically authorizes a cause of action. *Bankhead*, at 104. The preemption of civil actions by the act is sweeping and comprehensive, *Downey v. Department of Labor & Indus.*, 65 Wn. App. 200, 204, 827 P.2d 1101 (1992), and the act has been characterized as being of the broadest and most encompassing nature. *West v. Zeibell*, 87 Wn.2d 198, 201, 550 P.2d 522 (1976). The goal of the act is to provide sure and certain relief to injured workers and their families, not to award full tort damages. *Clark v. Pacificorp, supra* at 186 n.9.

---

had the effect of reversing the Undsderfer decision as reached by the Board. Because an issue of law is involved and the facts are not contested, the de novo standard of review applies whether this case is treated as a review of an administrative decision or a review of a summary judgment in a civil action. *See Hadley v. Department of Labor & Indus.*, 57 Wn. App. 670, 674, 786 P.2d 817 (1990) (pure questions of law in Department of Labor and Industries cases fully reviewable), *rev'd on other grounds*, 116 Wn.2d 897, 810 P.2d 500, 814 P.2d 666 (1991); *DuVon v. Rockwell Int'l*, 116 Wn.2d 749, 753, 807 P.2d 876 (1991) (questions of law reviewed de novo on review of summary judgment).

RCW 51.24, the third party chapter, provides an exception to the act's prohibition of any other remedy. *Bankhead*, at 105. Where a worker's injury is due to the negligence of a third party (defined as one not in the worker's same employ), the worker, or a beneficiary, may elect to sue that third party for damages. RCW 51.24.030; *Clark v. Pacificorp, supra* at 174. By electing to pursue the third party, the worker[2] is not precluded from receiving benefits. RCW 51.24.040; *Clark v. Pacificorp, supra* at 175. However, the Department is entitled to reimbursement of benefits paid if the third party recovery exceeds these benefits. The act provides a lien to enforce the reimbursement right. RCW 51.24.060(2); *Clark v. Pacificorp, supra* at 175.

The issue in this case is one of law that has yet to be decided in this state. Simply stated, the court must decide whether a worker's recovery for legal malpractice against his attorney for negligent prosecution of a third party claim is subject to the Department's right of reimbursement.

At the time of respondents' injuries (and Undsderfer's 1984 malpractice settlement), RCW 51.24.030(1) provided as follows:

> If an injury to a worker for which benefits and compensation are provided under this title is due to the negligence or wrong of a third person not in the same employ, the injured worker or beneficiary may elect to seek damages from the third person.

Former RCW 51.24.030(1). This provision was amended in 1986 and currently reads as follows:

> If a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to seek damages from the third person.

RCW 51.24.030(1). Under the statute's present language, we believe a worker's recovery against his or her attorney for

---

[2]Hereafter, we will refer only to workers although the act applies equally to both workers and beneficiaries. *See Clark*, at 175 n.3.

negligence in prosecuting a third party claim constitutes a third party recovery. The attorney under such circumstances is a party who "is or may become liable to pay damages on account of a worker's injury". RCW 51.24.030(1). *See also O'Rourke v. Department of Labor & Indus.*, 57 Wn. App. 374, 380, 788 P.2d 17 (current RCW 51.24.030 does not limit definition of "third party" to tortfeasors), *review denied*, 115 Wn.2d 1002 (1990).

Because Tallerday's 1988 malpractice settlement occurred after the 1986 amendment to RCW 51.24.030(1), his recovery is governed by the current statute and is subject to the Department's reimbursement lien. *See O'Rourke*, at 379-80. The remaining question concerns whether the current RCW 51.24.030(1) also governs Undsderfer's 1984 malpractice settlement.

■■ Although Undsderfer's recovery occurred prior to the amendment to RCW 51.24.030(1), the amendment can be retroactively applied if it is remedial in nature, *Department of Labor & Indus. v. Moser*, 35 Wn. App. 204, 206, 665 P.2d 926 (1983), or if it is "clearly curative". *Howell v. Spokane & Inland Empire Blood Bank*, 114 Wn.2d 42, 47, 785 P.2d 815 (1990). An act is remedial when it relates to practice, procedure, or remedies and does not affect a substantive right, *Moser*, at 206, and an amendment is curative if it clarifies or technically corrects an ambiguous statute. *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 461, 832 P.2d 1303 (1992). Curative amendments will be given retroactive effect if they do not contravene any judicial construction of the statute. *In re F.D. Processing, Inc.*, 119 Wn.2d at 462. The amendment must be "clearly curative" for it to be retroactively applied. *Howell*, 114 Wn.2d at 47.

■ We view the amendment to RCW 51.24.030(1) as one clarifying the legislative intent as to the scope of the Department's right of reimbursement provided in RCW 51.24-.060. Prior to the amendment, the statute was ambiguous as to whether a worker's recovery from one other than the party causing his injury was subject to the Department's reimbursement lien. The 1986 amendment clarifies this am-

biguity by making clear that a "third party" can be anyone liable "on account of a worker's injury . . .". RCW 51.24-.030(1). An amendment which is limited to curing an ambiguity in a previous statute may be treated as a clarifying amendment.[3] *See In re F.D. Processing, Inc., supra.*

■■ Our conclusion that the amendment is a clarifying one necessarily means that it did not substantively change former RCW 51.24.030(1). We believe this to be the case and find the Department entitled to reimbursement from Undsderfer's malpractice recovery even if former RCW 51.24.030 were applicable. The court's reasoning in *Department of Labor & Indus. v. Cobb*, 59 Wn. App. 360, 363, 797 P.2d 536 (1990), *review denied*, 116 Wn.2d 1031 (1991) provides some support to the contention that a legal malpractice recovery is not a recovery from a third party under former RCW 51.24-.030, and thus not subject to the Department's lien. However, we find the *Cobb* court's reasoning unpersuasive on the facts of this case.[4] We believe the clear legislative intent of the act is to allow reimbursement under the present facts, and such intent must control even where terms of the former statute are unclear. *See Newby v. Gerry*, 38 Wn. App. 812, 814, 690 P.2d 603 (1984) (clear legislative intent should control interpretation even though contrary to strict statutory language).

■ Washington has a policy of protecting state funds and providing adequate compensation in work-related injuries,

---

[3]Our interpretation of the amendment is supported by a "Fiscal Note" to the 1986 legislation which indicates the amendment was meant as a clarification: "The original tort feasor whose negligence or wrong caused the industrial injury may not always be the entity from which recompense is obtained. Examples of this include legal malpractice or UIM cases. This amendment *clarifies* that the liable source for any action in recovery may bear the cost of the claim and allows the trust fund to recoup expenditures made to or on behalf of the worker with the exception of a UIM policy purchased by the worker." (Italics ours.) Substitute House Bill 1873 fiscal note, 49th Legislature (1986).

[4]*Cobb* did not decide the particular issue we face here, but rather addressed whether an employee's recovery against her employer's underinsured motorist policy was a third party recovery under former RCW 51.24.030. *See Cobb*, at 361-62.

but not providing full tort damages. *Clark v. Pacificorp*, 118 Wn.2d at 184. The third party statute accomplishes two things: it allows a worker to recover full damages from the party who is legally and in fact responsible, and it permits the worker to receive certain compensation and benefits,

> but mandates reimbursement to the Department so that (1) . . . funds are not charged for damages caused by a third party and (2) the worker does not make a double recovery. *In other words, the worker, under the statute, cannot be paid compensation and benefits from the Department and yet retain the portion of damages which would include those same elements.*

*Clark v. Pacificorp*, 118 Wn.2d 167, 185, 822 P.2d 162 (1991) (quoting *Maxey v. Department of Labor & Indus.*, 114 Wn.2d 542, 549, 789 P.2d 75 (1990)). "The underlying purposes of the act are defeated if the [reimbursement] right is eliminated, and the plaintiff may be made more than whole at the expense of the compensation fund." *Clark*, at 185.

Undsderfer has clearly received a double recovery in this case. He received benefits from the industrial insurance fund and — by virtue of his malpractice recovery — full tort damages as well.[5] Relying in part on the policy against double recoveries, courts in other jurisdictions construing provisions similar to former RCW 51.24.030 have ruled that attorney malpractice recoveries are "third party actions" and subject to employer liens. *See Johns-Manville Prods. Corp. v. Dronebarger*, 211 N.J. Super. 520, 511 A.2d 1304 (1986); *McDowell v. La Voy*, 63 A.D.2d 358, 408 N.Y.S.2d 148 (1978).

In *Johns-Manville*, employee Dronebarger was injured while riding a scooter at work. His attorney successfully prosecuted a workers' compensation claim for total disability, but neglected to bring suit against the scooter manufacturer within the statute of limitations. Dronebarger brought suit against his attorney for malpractice, and Johns-Manville filed a declaratory judgment action that it was entitled

---

[5]The amount of damages awarded to one suffering a loss because of an attorney's negligence is the value of the claim or benefit lost. *See Martin v. Northwest Wash. Legal Servs.*, 43 Wn. App. 405, 412, 717 P.2d 779 (1986).

to assert its lien as to any recovery. *Johns-Manville*, at 523. Dronebarger claimed that a literal reading of the pertinent statute allowed a lien only against the third person liable for injury or death, and because his attorney was not such a person, the lien should be denied. *Johns-Manville*, at 524.

While acknowledging that Dronebarger's claim had substantial merit, the court noted that " 'often the surest path to misconstruction is a literal reading of a statute.' " *Johns-Manville*, at 525 (quoting *Henry v. Shopper's World*, 200 N.J. Super. 14, 18, 490 A.2d 320 (1985)). Under the literal terms of the New Jersey statute, the court stated, an attorney liable for malpractice could not be considered a person liable for injury or death. Nonetheless, the statute reflected "a very strong legislative determination that injured workers are not entitled to double recovery." *Johns-Manville*, at 526. The court ultimately concluded that the Legislature would have wished to bar double recovery under the circumstances, and that the equities ran "overwhelmingly in favor of permitting the employer's lien." *Johns-Manville*, at 526.

In *McDowell v. La Voy, supra,* the claimant recovered compensation benefits following her husband's death and retained an attorney to pursue a wrongful death action on her behalf. *La Voy*, at 359. When the attorney failed to timely commence the action, she sued for malpractice and recovered a $75,000 settlement without the consent of the employers or their carriers. An administrative board concluded that consent was not required for claimant's settlement because it was not an action against a third party responsible for decedent's death under the relevant statute. *La Voy*, at 359. The court reversed on appeal:

> It is the legislative intent in enacting a statute which is controlling, and, in this instance, the Legislature clearly intended that a decedent's survivors not recover "full compensation benefits undiminished by the amount of a recovery at law". The basis of liability here was the wrongful death of claimant's husband, and therefore, section 29 should be applicable to the

$75,000 settlement of the related malpractice suit against the attorney for which, practically speaking, the measure of damages was the same as in the death action, . . . In effect, the settlement was a substitute for the usual third-party recovery against a negligent tort-feasor or wrongdoer and, as such, it should not have been made without the consent of the allegedly liable compensation carriers. Since the carriers' consent was neither sought nor obtained, however, claimant must consequently be denied compensation benefits in accordance with section 29.

Such a result *fulfills the primary purpose of the statute by denying claimant a double recovery.*

(Citations omitted. Italics ours.) *La Voy,* at 359-60.

Undsderfer claims the purposes of the act are not thwarted by his recovery because the Department may still pursue the original tortfeasor, and the industrial insurance funds may thereby be replenished. However, this argument would allow Undsderfer to retain a double recovery — contrary to the intent of the act — while the Department expends time and resources to recover damage amounts from the initial tortfeasor from whom Undsderfer has in essence already recovered. This would result in needless litigation and expense.

The sweeping and comprehensive preemption of civil actions by the act is a further reason to conclude that former RCW 51.24.030 encompasses Undsderfer's legal malpractice recovery. The act provides the exclusive remedy for workers unintentionally injured in the course of their employment, and a worker receiving benefits has no separate remedy for his injuries unless specifically authorized by the act. *See Clark v. Pacificorp,* 118 Wn.2d at 174; *Bankhead v. Aztec Constr. Co.,* 48 Wn. App. 102, 104, 737 P.2d 1291 (1987). Those receiving benefits under the act, unless otherwise provided, receive such payment "in lieu of any and all rights of action whatsoever against any person whomsoever". RCW 51.32.010. Undsderfer, who received benefits under the act, had no right to proceed against a third party tortfeasor except as permitted by the statute, nor could he bring an action against his attorney for the loss of his third party claim unless permitted by the statute. It follows that because Undsderfer's claim against his former attorney could only be

brought pursuant to the statute, the Department's right of reimbursement must also apply because it is an integral part of the total legislative scheme. *See Bankhead v. Aztec Constr. Co.,* 48 Wn. App. at 111-12 (because plaintiff's authority to bring survival action derived solely from third party chapter provision, RCW 51.24.030, her recovery was subject to distribution in accordance with RCW 51.24.060).

Ambiguities notwithstanding, we believe Undsderfer's legal malpractice recovery would be subject to the Department's reimbursement lien if former RCW 51.24.030 were applied. This is the only result consistent with the clear legislative intent of the act. The 1986 amendment to the provision simply clarified this legislative intent and therefore can be applied in this case. The current legislation clearly allows the Department to seek reimbursement from Undsderfer's legal malpractice recovery.

Respondents have requested "costs" on appeal. Presumably, this is a request for attorney's fees under RCW 51.52-.130, which generally allows fees if the Board's decision is reversed or modified and additional relief is granted. Because we reverse the Superior Court's judgment, respondents are not entitled to fees under the statute.

Judgment reversed.

COLEMAN and FORREST, JJ., concur.