[No. 14561-1-III.    Division Three.    December 5, 1995.]

MARGARET E. MICHEL, *Appellant* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Ray R. Whitlow* and *Hames, Anderson & Whitlow, P.S.,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Nancy A. Kellogg, Assistant,* for respondent.

MUNSON, J. — Margaret Michel appeals the judgment denying her motion for contribution from the victim compensation fund by the Department of Labor and Industries for attorney fees she incurred in obtaining payment from her underinsured motorist insurance coverage.

Ms. Michel was the victim of a vehicular assault in September 1992. The driver of the vehicle had no insurance. Under provisions of the victim compensation act, RCW 7.68, Ms. Michel received payment of approximately $36,000 from the Department. She retained an attorney who assisted her in obtaining $115,000 from her automobile insurers' underinsured motorist coverage and personal injury protection. The Department filed a lien on her insurance proceeds for the amount of the victim compensation payments it had previously paid to her. Ms. Michel sought to have the Department pay a proportionate share of her attorney fees. The Department's denial of her request was sustained by the Superior Court and she filed this appeal.

Ms. Michel contends the Department should be required to pay its proportionate share of attorney fees and costs she incurred in recovering underinsured motorist benefits from her insurers.

The victim compensation act provides for payment of benefits to crime victims; such benefits are governed by the applicable statutory provisions of the workers' compensation laws. RCW 7.68.070. The act permits an injured victim "to seek damages from the person or persons liable for the claimed injury. . . ." RCW 7.68.050(1). The Department is entitled to reimbursement for amounts paid under the act if the victim is successful in recovering damages from a third person. *See Depart-*

ment of Labor & Indus. v. Dillon, 28 Wn. App. 853, 626 P.2d 1004 (1981).

In connection with such recovery, RCW 7.68.050(2) incorporates certain statutory provisions from the Workers' Compensation Act, RCW 51.24.050 through .100. Under one of these provisions, RCW 51.24.060(1), if an injured person recovers damages from a third person, the costs and reasonable attorney fees are to be paid proportionately by the Department and the injured person.[1] The term "third person" in the context of workers' compensation is not limited to persons liable as tortfeasors; it includes insurers liable under policy provisions for underinsured motorist compensation. See *Tallerday v. Delong*, 68 Wn. App. 351, 842 P.2d 1023 (1993); *O'Rourke v. Department of Labor & Indus.*, 57 Wn. App. 374, 788 P.2d 17, *review denied*, 115 Wn.2d 1002 (1990).[2]

■■ Ms. Michel contends the term "third person" in the context of victim compensation should similarly include underinsured motorist insurance compensation paid to her under her own insurance policies, and the Department should be required to pay a share of the fees she paid in obtaining those payments. Since RCW 7.68.050 incorporates the workers' compensation statutes which have been construed as requiring the Department to share in the cost of recovering from underinsured motorist insurance, the victim compensation act should be construed to require the same result.

The Department contends Ms. Michel's recovery is governed exclusively by RCW 7.68.130, which contains no

---

[1]The term victim, in the victim compensation act, is interchangeable with the terms employee or worker in the workers' compensation laws. RCW 7.68.020(3).

[2]In *Department of Labor & Indus. v. Cobb*, 59 Wn. App. 360, 797 P.2d 536 (1990), *review denied*, 116 Wn.2d 1031 (1991), based on former RCW 51.24.030(1), the term "third person" was held to refer solely to a third person whose negligence caused the injury. RCW 51.24.030 was amended in 1986, however, and the statutory interpretation in *Cobb* was based on pre-amendment language.

attorney fee provision. That statute provides the benefits payable to a victim by the Department are to be reduced by the amount of any available insurance. There is no language in RCW 7.68.130 indicating the provisions of RCW 7.68.050, including the proportionate sharing of attorney fees, are inapplicable to insurance compensation, nor has the Department cited any cases so holding.[3] The Department relies on *Department of Labor & Indus. v. Cobb*, 59 Wn. App. 360, 797 P.2d 536 (1990), *review denied*, 116 Wn.2d 1031 (1991), a workers' compensation case which held former RCW 51.24.060 applied solely to third persons whose negligence caused the injury and was inapplicable to recovery through an employer's underinsured motorist coverage. The underlying statutory provision upon which *Cobb* relied, RCW 51.24.030(1), has been amended and would no longer support the result reached in *Cobb*.

The Department further argues the Legislature's 1995 amendment of RCW 7.68.130 to require allocation to the Department of a proportionate share for attorney fees and costs evidences the Legislature's intent to make no such provision prior to the amendment. *See* Laws of 1995, ch. 33, § 3. "Amendments to unambiguous statutes indicate a purpose to change the law, while amendments to unclear statutes indicate a purpose of clarification." *Cobb*, 59 Wn. App. at 364. The lack of express provision in RCW 7.68.130 as to whether RCW 7.68.050 was applicable to insurance recoveries created an ambiguity respecting attorney fees

---

[3]RCW 7.68.120 similarly provides the Department is entitled to seek reimbursement from a person who committed a criminal act which resulted in a compensable injury. If RCW 7.68.130 were held to exclusively govern recovery from insurers, then RCW 7.68.120 should similarly provide exclusive authority governing recovery from criminal tortfeasors, thereby precluding the Department's obligation to pay a portion of the attorney fees incurred in obtaining recovery from persons who committed the criminal act. This result would be counterproductive since there would be virtually no situation in which the provisions of RCW 7.68.050 would apply.

provisions. We view the 1995 amendment as clarifying the law as to this issue.

Reversed and remanded to the Department of Labor and Industries for calculation of the proportionate amounts the attorneys incurred in obtaining Ms. Michel's recovery pursuant to RCW 51.24.060(1).

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.